UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| RON WILSON, SR. & LARHONDA WILSON, | § | Case No. 07-11862 |
| | § | |
| Debtors. | § | |

FIDELITY NATIONAL INFORMATION SERVICES, INC.'S
MOTION TO QUASH U.S. TRUSTEE'S DISCOVERY REQUESTS

TO THE HONORABLE ELIZABETH W. MAGNER, U.S. BANKRUPTCY JUDGE:

Fidelity National Information Services, Inc. ("Fidelity"), now known as Lender Processing Services, Inc., files this Motion to Quash U.S. Trustee's Discovery Requests.

**Preliminary Statement**

1. The U.S. Trustee's discovery requests directed at Fidelity have no procedural connection to any contested matter or adversary proceeding. As a result, bankruptcy subject-matter jurisdiction is non-existent. Moreover, because the U.S. Trustee's discovery requests are propounded outside the scope of the Bankruptcy Rules and Federal Rules of Civil Procedure, the discovery requests are procedurally improper. Finally, the U.S. Trustee lacks standing to seek discovery from Fidelity because Fidelity caused no injury in fact to be redressed by this Court. For all those reasons, the Court should quash the U.S. Trustee's discovery requests.

**Background**

2. Ron Wilson, Sr. and LaRhonda Wilson (the "Debtors") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on September 29, 2007. The Court entered an order confirming the Debtors' Chapter 13 plan on December 21, 2007.[1]

---

[1] Bankruptcy Docket # 13.

3.  Option One Mortgage Corporation ("Option") holds a claim against the Debtors secured by the Debtors' residence. Fidelity has a contractual relationship with Option to provide administrative support services to Option regarding Option's mortgage loans to borrowers such as the Debtors. Fidelity does not have any contractual relationship with the Debtors, and has no authority to negotiate with the Debtors regarding their loan with Option. Because Fidelity is not a creditor of the Debtors and not a party-in-interest, Fidelity originally appeared in the Debtors' bankruptcy case only as an interested entity under Fed. R. Bankr. P. 2018(a).[2]

4.  On January 7, 2008, Option filed a motion[3] for relief from the automatic stay with respect to its loan on the Debtors' residence, which the Court denied.[4] Option filed a second lift-stay motion[5] on March 10, 2008, which the Court also denied.[6]

5.  On May 9, 2008 and July 11, 2008, the Court issued show-cause orders directing several parties—including Dory Goebel in her capacity as assistant secretary at Option, and a representative of Fidelity—to appear to "explain the amounts due on the mortgage loan for the [Debtors]."[7] The Court held a hearing on the show-cause orders on August 21, 2008.[8] During the hearing, the Court expanded the scope of the show-cause orders and directed the U.S. Trustee to seek discovery on the Court's behalf.[9]

---

[2] Bankruptcy Docket # 43 and #50.

[3] Bankruptcy Docket # 15.

[4] Bankruptcy Docket # 18.

[5] Bankruptcy Docket # 20.

[6] Bankruptcy Docket # 36.

[7] Bankruptcy Docket # 30 and # 45.

[8] Bankruptcy Docket # 71 (transcript of August 21, 2008 hearing).

[9] *See* Bankruptcy Docket # 71 at 208-209 ("I'm going to ask the U.S. Trustee's office to conduct on the Court's behalf, some specific discovery in this matter, which will include the production of the entire file from Option One in this case, as well as the Fidelity files.").

6. By letter dated October 1, 2008, the U.S. Trustee issued interrogatories and document-production requests to Fidelity. True and correct copies of the U.S. Trustee's discovery requests are attached as **Exhibit A**.

## Argument and Authorities

**A. THE COURT LACKS JURISDICTION TO DIRECT THE U.S. TRUSTEE TO CONDUCT DISCOVERY AGAINST A THIRD-PARTY ENTITY WITH NO DIRECT RELATIONSHIP TO THE DEBTORS OR THE DEBTORS' BANKRUPTCY ESTATE.**

7. Without a "case" or "controversy", as those terms are used in Article III of the United States Constitution, this Court lacks jurisdiction to direct the U.S. Trustee to conduct discovery against Fidelity, an entity with no direct relationship to the Debtors or the Debtors' bankruptcy estate. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992) (discussing the limited scope of "cases" and "controversies" in Article III). Article III of the Constitution is relevant because federal district courts exercise original bankruptcy subject-matter jurisdiction. *See* 28 U.S.C. § 1334(a). Bankruptcy courts are units of the federal district court. 28 U.S.C. § 151 (also stating that a bankruptcy judge serves as a "judicial officer of the district court").

8. Because no motion or lawsuit is currently pending against Fidelity, no case or controversy exists. The Court correctly observed at the August 21, 2008 show-cause hearing that no motions were pending before the Court.[10] The docket for the Debtors' bankruptcy case reflects that Option's two lift-stay motions have already been resolved.[11] Without a case or controversy, this Court lacks jurisdiction to order, on a *sua sponte* basis, that the U.S. Trustee propound discovery upon Fidelity. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[The case-and-controversy requirement] limits[s] the business of federal courts to *questions presented in an adversary context* and in a form historically viewed as capable of resolution through the judicial

---

[10] Bankruptcy Docket # 71 at p. 7 ("there is no motion pending at this time . . . [o]nly the Order to Show Cause".)

process.") (emphasis added). With no case or controversy, the U.S. Trustee's discovery requests have no jurisdictional basis and should be quashed.

**B. THE U.S. TRUSTEE LACKS STANDING TO SEEK DISCOVERY FROM FIDELITY.**

9. The U.S. Trustee's discovery requests directed at Fidelity should also be stricken because the U.S. Trustee lacks standing. In order for standing to exist, Article III of the United States Constitution requires, at a minimum, that (*a*) the party suffered an injury in fact; (*b*) a causal connection exists between the injury and the conduct complained of; and (*c*) a likelihood that the injury would be redressed by a favorable decision. *Riversa v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 318 (5th Cir. 2002). The U.S. Trustee has failed to demonstrate that it meets any of the three constitutional elements of standing. *Id.* ("the party invoking federal jurisdiction [bears] the burden of establishing these elements.").

10. The U.S. Trustee also lacks standing because the proposed scope and breadth of the discovery sought from Fidelity go beyond the U.S. Trustee's statutory duties and powers under 28 U.S.C. § 586. Section 586(a) of Title 28 lists categories of specific activities that the U.S. Trustee is authorized to undertake. None of the categories in section 586(a) authorize the U.S. Trustee to engage in wide-ranging investigations against third-party entities. Fidelity is not a creditor of the Debtors, and the Debtors have no contractual relationship with Fidelity. The U.S. Trustee's broad discovery requests directed at Fidelity may provide additional clarity to the questions raised by the Court, but the result of the inquiry will not further the pending Chapter 13 case nor have any discernable impact on the administration of the Debtors' plan, which is already confirmed, or the resolution of the two motions for relief which have been denied.

---

[11] *See* Bankruptcy Docket # 15, # 18, # 20, and # 36.

C.   **THE U.S. TRUSTEE'S DISCOVERY REQUESTS ARE NOT PROCEDURALLY PROPER.**

11.   Even if standing existed for the U.S. Trustee (which it does not), the U.S. Trustee's discovery requests are procedurally improper because they do not arise in the context of a contested matter or adversary proceeding. A show-cause order does not create a contested matter or adversary proceeding. The Court acknowledged this procedural problem at the August 21, 2008 hearing when it accurately observed that a show-cause order is "between the party and the Court . . . . It's not your typical adversary proceeding."[12] The Court suggested that the U.S. Trustee proceed under Bankruptcy Rule 2004 or file an adversary proceeding.[13] However, the U.S. Trustee did not propound its discovery requests in the context of an adversary proceeding or under Bankruptcy Rule 2004. Instead, the U.S. Trustee is seeking discovery that was requested by the Court.[14] The discovery requests are therefore procedurally flawed and should be quashed.

12.   In any event, Bankruptcy Rule 2004 will offer little help to the U.S. Trustee because "[i]t is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428, 434 (N.D. Ill. 1985). Rule 2004 "cannot and should not be viewed as providing a license for the UST to engage in potentially invasive and expensive Rule 2004 discovery based on nothing more than her own curiosity." *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 392 (Bankr. W.D. Pa. 2008). The Court's curiosity similarly cannot justify a full-scale investigation into Fidelity's private business affairs, especially an investigation that is occurring outside the context of any contested matter or adversary proceeding.

---

[12] Bankruptcy Docket # 71 at pgs. 10-11.

[13] Bankruptcy Docket # 71 at p. 11.

[14] Bankruptcy Docket # 71 at p. 269, lines 19-22.

### D. THE COURT'S SHOW-CAUSE ORDERS DO NOT PROVIDE THE NECESSARY JURISDICTION OR STANDING.

13. The Court's show-cause orders cannot supply the missing jurisdiction. The "source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code" nor in the Court's orders. *In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002) (discussing 28 U.S.C. § 1334). The Court's show-cause orders also cannot create standing for the U.S. Trustee where none previously existed. *See Riversa v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 318 (5th Cir. 2002). Without any procedural context and without any justiciable controversy, the U.S. Trustee's investigation of Fidelity can conceivably continue with no limits as to duration or scope. Unless the U.S. Trustee can demonstrate the necessary jurisdiction and standing, and proceed in an appropriate procedural context, its discovery requests should be quashed.

Fidelity therefore respectfully requests that this Court enter an order quashing the U.S. Trustee's discovery, and granting Fidelity such other and further relief as this Court deems just and proper.

Dated: October 30, 2008

          Respectfully submitted,

          **WINSTEAD PC**
          1100 JPMorgan Chase Tower
          600 Travis Street
          Houston, TX 77002
          (713) 650-8400
          (713) 650-2400 (facsimile)

          By: _/s/ Michael P. Cash_[15]
               Michael P. Cash, SBT # 03965500
               Louisiana Bar No. Pending

          **ATTORNEYS FOR FIDELITY NATIONAL INFORMATION SERVICES, INC., N/K/A LENDER PROCESSING SERVICES, INC.**

### CERTIFICATE OF CONFERENCE

Consistent with Local Bankruptcy Rule 7026-1(A), I certify that on October 29, 2008, I communicated via telephone conference with Sean M. Haynes, Trial Attorney with the Office of U.S. Trustee. We attempted to resolve in good faith the issues raised in this motion, but were unable to reach an agreement.

          _/s/Michael P. Cash_
          Michael P. Cash

---

[15] Michael Cash was admitted *pro hac vice* by this Court on July 18, 2008 to appear in the Debtors' bankruptcy case. *See* Bankruptcy Docket # 49.

### CERTIFICATE OF SERVICE

I certify that on October 30, 2008, a true and correct copy of this document was served on the parties below, and notice of this document will be served via ECF notice to parties registered or otherwise entitled to receive notice in this case:

| *Via email* <br> Elisabeth D. Harrington <br> 2901 North Causeway Blvd., Suite 303 <br> Metairie, LA 70002 <br> Email: swamplaw@bellsouth.net <br> Counsel for the Debtors | *Via U.S. First-class mail, postage prepaid* <br> S.J. Beaulieu, Jr. <br> Chapter 13 Trustee <br> 433 Metairie Road, Suite 307 <br> Metairie, LA 70005 |
|---|---|
| *Via Email* <br> D. Clay Wirtz <br> The Boles Law Firm <br> 1818 Avenue of America <br> Monroe, LA 71201 <br> Email: clay.wirtz@boleslawfirm.com <br> Counsel for Option One Mortgage Corporation | *Via email* <br> Mary S. Langston <br> Carolyn S. Cole <br> Sean M. Haynes <br> Office of United States Trustee <br> 400 Poydras Street, Suite 2110 <br> New Orleans, LA 70130 <br> Email: carolyn.cole@usdoj.gov <br> Email: mary.langston@usdoj.gov <br> Email: sean.m.haynes@usdoj.gov |

                                        */s/Michael P. Cash* <br>
                                        Michael P. Cash