UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| RON WILSON, SR. & | : | Case No. 07-11862 |
| LaRHONDA WILSON, | : | |
| | : | |
| Debtors. | : | |

**OPTION ONE MORTGAGE CORPORATION'S MOTION TO QUASH
THE DISCOVERY REQUESTS OF THE U.S. TRUSTEE**

TO THE HONORABLE ELIZABETH W. MAGNER, U.S. BANKRUPTCY JUDGE:

Option One Mortgage Corporation ("Option One") files this Motion to Quash the Interrogatories and Document Requests served by the U.S. Trustee.

**I.   Preliminary Statement**

1.   The U.S. Trustee served Interrogatories and Document Requests on Option One seeking information about business practices generally and information specifically concerning Option One's prior Motion for Relief. The subject matter of those Discovery Demands – i.e. the Goebel Affidavit and Option One's Motion for Relief – has already been adjudicated by this Court. This Court determined that the Goebel Affidavit was "false," sanctioned Option One and Option One has paid the sanctions. There is nothing further to "discover" from Option One on this issue and the Discovery Demands should be quashed. Nor can the continuation of these proceedings have any effect on the above-captioned debtors' bankruptcy estate as required for this Court to have jurisdiction under 28 U.S.C. § 1334(b). Furthermore, those Discovery Demands were issued in violation of the Bankruptcy Rules and the Federal Rules of Civil Procedure and were contrary to this Court's prior "direction" to the U.S. Trustee.

2712318.1/00000.00000

## II. Background

1. On or about September 29, 2007, Ron Wilson, Sr. and LaRhonda Wilson ("Debtors") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. The Court entered an order confirming the Debtors' Chapter 13 Plan on December 21, 2007. [D.I. 13].

2. Option One holds a claim against the Debtors that is secured by a mortgage on their residence ("Mortgage").

3. On March 10, 2008, Option One filed a Motion for Relief from the Stay and submitted the Affidavit of Dory Goebel to support that Motion. [D.I. 36].

4. The Debtors opposed Option One's Motion [D.I. 24].

5. On May 9, 2008, the Court issued an Order to Show Cause to Explain the Amounts due on the Mortgage and ordered Dory Goebel and a representative of Option One to appear on June 26, 2008 for a hearing. [D.I. 30].

6. On June 24, 2008, Option One moved to continue the June 26, 2008 Hearing on the basis that Dory Goebel was under Court Order to appear in a Bankruptcy Hearing in Ohio on the same date. [D.I. 32].

7. On June 25, 2008, the Court denied Option One's Motion to continue the June 26, Hearing. [D.I. 35].

8. On June 26, 2008, the Memorandum to Record stated that the Court denied the Motion for Relief, declared the Debtors' account as current as of June 30, 2008, jointly sanctioned Dory Goebel and Option One $5,000.00 for the failure to appear, jointly sanctioned Dory Goebel and Option One $5,000.00 for filing a false affidavit, sanctioned Mr. Wirtz $1,000.00 for failing to amend and update the pleadings after learning that the Goebel Affidavit

contained false information and awarded the Debtors' attorneys' fees of $900.00. The Court continued the Order to Show Cause and indicated that the Court would be issuing an Order to Show Cause on Fidelity National Network. [D.I. 36].

9. On June 30, 2008, the United States Trustee entered an appearance in this matter. [D.I. 40].

10. On July 11, 2008, the Court issued an Order jointly sanctioning Dory Goebel and Option One $5,000.00 for failing to appear at the Hearing and jointly sanctioning Dory Goebel and Option One $5,000.00 for "filing a false affidavit." [D.I. 46].

11. The July 11, 2008 Order also continued the Order to Show Cause to August 21, 2008 for Dory Goebel and a representative of Option One to appear and explain the amounts due on the Mortgage. [D.I. 46].

12. On July 24, 2008, $10,000.00 was paid to the Court for the sanctions previously ordered against Dory Goebel and Option One. [D.I. 53].

13. On August 18, 2008, the U.S. Trustee filed a Motion to Continue the Hearing scheduled for August 21, 2008 in order to conduct discovery concerning "Option's relief from stay motion, the Debtors' opposition thereto, and the activities of Fidelity National Mortgage Solutions." [D.I. 66].

14. On August 21, 2008, a hearing was held on the Order to Show Cause. The Court continued the Order to Show Cause and ordered the U.S. Trustee to conduct discovery on behalf of the Court. [D.I. 70, D.I. 71].

15. On or about October 1, 2008, the U.S. Trustee issued Interrogatories and Document Demands to Option One. True and correct copies of the Interrogatories and Document Demands are attached hereto as Exhibit 1.

### III. Argument and Authorities[1]

**A. The Discovery Sought By The U.S. Trustee Concerning The Amounts Due On The Debtors' Mortgage As Of March 10, 2008 And Related Issues Is Improper Because This Court Has Already Sanctioned Option One.**

16. The discovery that the U.S. Trustee seeks from Option One has already been the subject of an Order to Show Cause by this Court, and has already been adjudicated against Option One: Option One was sanctioned and Option One paid the sanctions. [D.I. 46, D.I. 53].[2] Therefore, the Discovery Demands, in addition to being procedurally improper, are harassing to Option One.

17. The sanctions power of the Court under Section 105(a) of the Bankruptcy Code is not unlimited. *In re Paige*, 365 B.R. 632, 637 (Bankr. N.D. Tex. 2007). Indeed, "[t]he inherent power is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998). Moreover, Section 105(a) "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *In re Oxford Mgmt., Inc.*, 4 F.3d 1329, 1333 (5th Cir. 1993).

18. Where the imposition of sanctions is appropriate, the least severe sanction adequate to serve the purpose is appropriate. *In re Paige*, 365 B.R. at 637; *In re Parsley*, 384 B.R. 138, 179 (Bankr. S.D. Tex. 2008) (no sanctions issued against attorney, despite finding of bad faith, where he had already been fired by his law firm, and no sanctions imposed on law firm, because they had already taken corrective action in firing attorney).

---

[1] Option One incorporates the arguments contained in the Fidelity National motion to quash, [D.I. 76].

[2] Although the Court "continued" that Order to Show Cause, there is nothing left to continue or resolve as this Court issued a final order sanctioning Option One.

2712318.1/00000.00000

19. The U.S. Trustee Discovery Demands obviously seek to establish that the Goebel Affidavit was incorrect and apparently seek to determine who made the mistake. That issue has already been decided by this Court and Option One was sanctioned for submitting a false Affidavit. There is no purpose to requiring Option One to continue to incur expenses on an issue already decided by this Court. Section 105(a) does not allow this Court to order additional sanctions on Option One for the same alleged conduct and therefore, there is no proper basis for the Discovery Demands propounded by the U.S. Trustee.

20. As this Fifth Circuit has held, this Court's power under Section 105(a) does not enable this Court to act as a "roving commission to do equity." *U.S. v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986).

### B. This Court Lacks Jurisdiction to Orchestrate or Direct Any Further Discovery Regarding Option One.

21. Bankruptcy courts are courts of limited subject-matter jurisdiction, and can entertain matters only if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis in original); *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999) (to confer subject-matter jurisdiction, the claim must affect the estate, not just the debtor).

22. The proposed continuation of an inquisition of Option One can have no effect on the Debtors' estate. This Court already issued a *final* order sanctioning Option One. See *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 39 F.3d 563, 567 (5th Cir. 1994) (a sanction order is final if " (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed."). Accordingly, this Court lacks subject-matter jurisdiction to continue the inquisition of Option One. *See generally In re Mitchell*, No. 05-

- 5 -

2712318.1/00000.00000

19456, 2006 WL 2403886, at *2 (Bankr. E.D. La. July 11, 2006) (holding that "the Court must deny the Motion for Sanctions for Violating the Automatic Stay for lack of jurisdiction").

23. Bankruptcy courts were supposed to be removed from the day-to-day administration of bankruptcy cases under the Bankruptcy Act of 1978. As the court recognized in *In re Menk*, 241 B.R. 896, 909 n.4 (9th Cir. BAP 1999):

> The Bankruptcy Commission found, and hearings before the Subcommittee on Civil and Constitutional Rights confirmed, that the most severe problem in the bankruptcy administration was the court system. The problem existed in two facets. . . . Second, the bankruptcy judge, because of the duties imposed upon him under the Bankruptcy Act, must take an active role in supervising and administering a bankruptcy case. No matter how fair a bankruptcy judge is, his statutory duties give him a certain bias in a case, and the bankruptcy court as a result has been viewed by many as an unfair forum.

*Id.* at 909 n.4 (quoting H.Rep. No. 95-595, at 4 (1977), U.S. Code Cong. & Admin. News, pp. 5963, 5965 (1978)). The Court added that "[b]ecause the judge no longer will have to take an active role in managing bankruptcy cases, the bankruptcy court should become a forum that is fair in fact and in appearance as well." *Id.*

24. The Court's continuation and orchestration of open-ended discovery relating to the Debtors' case is inconsistent with the premise that this Court should decide disputes, not actively supervise and administer bankruptcy cases – particularly in light of the facts that (i) this Court has already entered a final order sanctioning Option One, and (ii) the continuation of these proceedings cannot have any conceivable effect on the Debtors' estate.

**C. There Is No Pending Case Or Controversy Between The U.S. Trustee and Option One As "Parties" in Which Interrogatories and Document Requests May Be Served By the U.S. Trustee.**

25. This Court ordered the U.S. Trustee to conduct discovery on its behalf concerning the amounts due on the Debtors' Mortgage as of March, 2008. Although an order to show cause

- 6 -

filed by a party in interest is a contested matter, *see In re Corella*, 2008 WL 704313, at *2 (Bankr. D.Ariz. March 14, 2008), in this case the Court *sua sponte* issued the Order to Show Cause. The U.S. Trustee is *not* the movant and is *not* a party to any contested matter or adversary proceeding involving Option One.

26. Because there is no pending adversary proceeding or contested matter to which Option One and the U.S. Trustee are parties, there is no basis for the U.S. Trustee's issuance of Interrogatories and Document Requests. *See* Fed.R.Civ.P. 34(a) ("Any *party* may serve on any other *party* . . .") (emphasis added); Fed.R.Civ.P. 33(a) ("any *party* may serve on any other *party* . . .") (emphasis added).[3]

27. At the Hearing on August 21, 2008, this Court instructed the U.S. Trustee that it should file an Adversary Proceeding or proceed under Rule 2004. Putting aside the fact that such direction is inconsistent with the Court's non-administrative rule in bankruptcy cases (and causes Option One to be concerned about the fairness of this forum), the U.S. Trustee has done neither, and instead, has improperly served Interrogatories and Document Requests on Option One.

28. Even if the U.S. Trustee sought to file an Adversary Proceeding or issue a Rule 2004 Examination, both attempts would be improper. There is no basis to institute an Adversary Proceeding against Option One with respect to conduct that has already been adjudicated and decided by this Court – the "falsity" of the Goebel Affidavit.[4] There would be no "cause" for

---

[3] The U.S. Trustee apparently agrees that Option One and the U.S. Trustee are not parties to any contested matter or adversary proceeding. Otherwise, the U.S. Trustee has violated Federal Rule of Civil Procedure 45(b)(1) by issuing subpoenas to other entities without serving prior notice on Option One. *See* Fed.R.Civ.P. 45(b)(1) ("*Prior* notice of any commanded production of documents . . . shall be served on *each party* . . . .") (emphasis added).

[4] The U.S. Trustee also does not have any independent cause of action against Option One. *See Waldron v. Countrywide Home Loans, Inc.*, Adv. No. 08-1176 (Bankr. S.D.Fla. Oct. 2, 2008).

- 7 -

- 8 -

any such motion because it could not serve any purpose relating to administration of the Debtors' case or otherwise have any effect on administration of the Debtors' estates. Of course, those issues are not presently before this Court as the U.S. Trustee has not filed a Rule 2004 motion or adversary proceeding.

29. For these reasons, Option One respectfully requests that this Court quash the Interrogatories and Document Requests served by the U.S. Trustee.

WHEREFORE, Option One respectfully requests that this Court (i) enter an Order quashing the Interrogatories and Document Requests and (ii) grant such further appropriate relief as Option One may request.

Dated: November 3, 2008

Respectfully submitted,

/s/ Susan Fahey Desmond
Susan Fahey Desmond
Louisiana Bar No. 25380
Attorney for Option One Mortgage Corporation
Watkins Ludlam Winter & Stennis, P.A.
Post Office Drawer 160 (39502)
2510 14th Avenue, Suite 1125
Gulfport, MS 39501
Telephone: (228) 822-8506
Facsimile: (228) 864-0516
Email: sdesmond@watkinsludlam.com

## Certification of Conference

Consistent with Local Bankruptcy Rule 7026-1(A), I certify that on Friday, October 31, 2008, attempted to reach to the U.S. Trustee to determine his position with regard to this motion and was unable to reach him. The Bolin law firm, however, did discuss these issues with the U.S. Trustee and was unable to reach an agreement with him.

*Susan Desmond*

## Certificate of Service

I certify that on November 3, 2008, a true and correct copy of this document was served on the parties below via U. S. Mail, postage prepaid:

Elisabeth D. Harrington
2901 North Causeway Boulevard, Suite 303
Metairie, LA 70002
Email: swamplaw@bellsouth.net
Counsel for the Debtors

S.J. Beaulieu, Jr.
Chapter 13 Trustee
433 Metairie Road, Suite 307
Metairie, LA 70005

Mary S. Langton
Carolyn S. Cole
Sean M. Haynes
Office of the United States Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Email: carolyn.cole@usdoj.gov
Email: mary.langston@usdoj.gov
Email: sean.m.haynes@usdoj.gov

Michael P. Cash
1100 JP Morgan Chase Tower
600 Travis Street
Houston, TX 77002
Counsel for Fidelity National Information Services

Susan Desmond

2712318.1/00000.00000