## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

In re:

          **CASE NO. 07-11862**

**RON WILSON and**         **Section "A"**
**LaRHONDA WILSON,**

          **CHAPTER 13**

    Debtors.

---

### UNITED STATES TRUSTEE'S FIRST SET OF INTERROGATORIES
### (PROPOUNDED UPON OPTION ONE MORTGAGE CORPORATION)

**TO: Option One Mortgage Corporation**

       The United States Trustee serves these interrogatories on Option One Mortgage Corporation, as authorized by Fed.R.Bankr.P. 7033. Option One Mortgage Corporation must serve an answer to each interrogatory, under oath, within 30 days after service, at the Office of the U.S. Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130.


### DEFINITIONS

       1.    **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production, any information which might otherwise be construed to be outside their scope.

       2.    **"Boles"** means The Boles Law Firm.

       3.    **"Communication"** is defined to include any transmission of information from one Person, or group of Persons, to any other Person, or group of Persons, regardless of the medium or means by which such transmission occurred, including, but not limited to, oral, written, face-to-face, telephone, facsimile, electronic mail, postal mail, personal delivery, or otherwise. When in the form of a Document or thing, "Communication" is defined to include any attachments thereto.

       4.    **"Concerning"** or **"concern"** shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying and/or mentioning.

       5.    **"Debtor"** means and refers to the debtor(s), Ron Wilson and/or LaRhonda Wilson, Chapter 13 Case No. 07-11862.



6.     **"Document" or "Documents"** means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term **"Document" or "Documents"** includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, Communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheet or things similar to any of the foregoing however denominated. The term **"Document" or "Documents"** further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a documents if the person has a right to secure the document or a copy thereof.

7.     **"Fidelity"** means and refers to Fidelity National Information Services, Inc., its predecessors, successors, affiliates, subsidiaries or divisions thereof, including but not limited to Fidelity National Foreclosure Solutions.

8.     **"Goebel"** means and refers to Dory Goebel.

9.     **"Goebel Affidavit"** means and refers to the Affidavit of Debt signed by Dory Goebel on February 28, 2008 and filed with the Motion for Relief.

10.    **"Identify"** is defined to include naming, revealing the identity of, describing, suggesting the identity of, or otherwise aiding or assisting in the location, specification, particularization, sorting, or other identification process.

11.    **"Indicating", "indicates", or "indicate"** are each defined to include showing, specifying, revealing, or otherwise demonstrating, whether alone or in combination with other Documents and things.

12.    **"Motion to Lift Stay"** means the March 10, 2008 Motion to Lift Stay (docket # 20), including the attachments/exhibits thereto, filed in the Wilson Case.

13.    **"Option"** means and refers to Option One Mortgage Corporation, its predecessors, successors, affiliates, subsidiaries or divisions thereof.

14.     **"Person"** is defined to include any natural or legal entity, including, without limitation, individuals, groups of persons, any corporation, firm, partnership, proprietorship, joint venture, association, agency, board, authority, committee, commission, or other entity and divisions, departments or other units thereof.

15.     **"Refer"** or **"Referring"** is defined to mean directly or indirectly alluding, mentioning, discussing, relying upon, or otherwise referencing, whether explicitly by name, by country, or otherwise, or any synonymous relationship with the stated subject matter, including, but not limited to, the requested subject matter itself.

16.     **"Sworn Statement"** means and refers to any affidavit, 28 U.S.C. § 1746 declaration, or any similar statement made under oath or penalty of perjury.

17.     **"Wilson Account"** means the Debtors' indebtedness and obligations to Option arising from the November 22, 2006 Adjustable Rate Note and other agreements signed by Ron Wilson and LaRhonda Wilson in connection with obtaining financing for the purchase of certain real property commonly known as 402 Cole's Landing, Reserve, Louisiana 70084.

18.     **"Wilson Case"** means the Chapter 13 bankruptcy case filed by Ron Wilson and LaRhonda Wilson on September 29, 2007, in the United States Bankruptcy Court for the Eastern District of Louisiana.

19.     **"You"** and/or **"Your"** refers to and means Option.

3

## INTERROGATORIES

1. What were the amounts that were due on the Wilson Account on March 10, 2008?

2. Why did Option authorize the Motion to Lift Stay to be filed in the Wilson Case?

3. What, if any, action did Option take to verify the accuracy of the Motion to Lift Stay, on or before March 10, 2008?

4. What, if any, action did Option take to verify the accuracy of the Goebel Affidavit, on or before March 10, 2008?

5. Did Fidelity represent Option, as an attorney for Option, Concerning the Wilson Case?

6. What authority did Option give to Fidelity concerning the Wilson Case?

7. Did Option charge or assess on the Wilson Account attorney's fees and/or costs related to the Motion to Lift Stay, regardless of whether such have ever been reversed or book-lossed?

8. Identify Option's employees responsible for authorizing and/or monitoring Option's Motion to Lift Stay.

9. What modifications, if any, did Fidelity make to Option's records of the Wilson Account between September 29, 2007 and March 10, 2008?

Respectfully submitted,

R. MICHAEL BOLEN
United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Carolyn S. Cole*
   CAROLYN S. COLE (12496)
   Attorney
   SEAN M. HAYNES (TN #14881)
   LR 11.2 Trial Attorney

Carolyn S. Cole
Attorney
Office of the United States Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130

Telephone no. (504) 589-4018
Direct telephone no. (504) 589-2593
Facsimile no. (504) 589-4096

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

In re:

**RON WILSON,**
**LaRHONDA WILSON.**

Debtors.

CASE NO. 07-11862

Section "A"

CHAPTER 13

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2008, I served by first class mail, postage prepaid, a true and correct copy of the foregoing United States Trustee's First Set of Interrogatories (Propounded Upon Option One Mortgage Corporation) on the parties set forth below as follows:

Elisabeth D. Harrington
HARRINGTON & MYERS
2901 North Causeway Blvd., Suite 303
Metairie, LA 70002

S.J. Beaulieu, Jr.
Chapter 13 trustee
433 Metairie Road, Suite 307
Metairie, LA 70005

William R. Boles
THE BOLES LAW FIRM
1818 Avenue of America
Monroe, LA 71201

Michael P. Cash
WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

D. Clay Wirtz
305 Glenmare Avenue
Monroe, LA 70121

                                        s/Carolyn S. Cole
                                        CAROLYN S. COLE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

In re:

**CASE NO. 07-11862**

**RON WILSON and**
**LaRHONDA WILSON,**

**Section "A"**

**CHAPTER 13**

Debtors.

## UNITED STATES TRUSTEE'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS
### (PROPOUNDED UPON OPTION ONE MORTGAGE CORPORATION)

**TO: Option One Mortgage Corporation**

The United States Trustee serves this request for production of documents on Option One Mortgage Corporation, as authorized by Fed.R.Bankr.P. 7034. The documents must be produced within 30 days of service of this request, at the Office of the U.S. Trustee, 400 Poydras Street, Suite 2110, New Orleans, LA 70130.

### INSTRUCTIONS

A.      Any word written in the singular shall be construed as plural (or vice-versa) so as to construe a discovery request as broadly as possible.

B.      Any defined term with or without capitalization or quotation marks used in these Requests for Production of Documents shall be regarded as a defined term for purposes of these Requests for Production of Documents.

C.      Each of the following Requests for Production of Documents is for documents in your possession, custody or control whether or not prepared, authored, or executed by you.

D.      Each document furnished in response to the Requests for Production of Documents is to be produced as it is kept in the usual course of business and shall be organized and labeled to correspond with each paragraph in the Requests for Production, below.

E.      Do not produce any documents or things that are subject to the attorney-client privilege or the attorney work-product doctrine. If any documents covered by these Requests for Production of Documents are withheld under a claim of privilege, furnish a list describing each document for which privilege is claimed, together with the following information:

       1.     author;

       2.     name and job title of each recipient and person to whom a copy was furnished;

       3.     date of the document;

       4.     basis on which privilege is claimed;

       5.     the paragraph of the Requests for Production to which each such document is responsive.

F.     If any document has been destroyed, discarded, or is otherwise no longer in existence, please state:

       1.     author;

       2.     date of the document;

       3.     subject matter of the document;

       4.     the date it was destroyed, discarded, or discovered no longer to be in existence; and,

       5.     the reason it was destroyed, discarded, or in is no longer in existence.

G.     As required by the Federal Rules of Civil Procedure, you should supplement or amend your responses to these Requests for Production if additional documents covered hereby are obtained or discovered.

## DEFINITIONS

1.     **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production, any information which might otherwise be construed to be outside their scope.

2.     **"Boles"** means The Boles Law Firm.

3.     **"Communication"** is defined to include any transmission of information from one Person, or group of Persons, to any other Person, or group of Persons, regardless of the medium or means by which such transmission occurred, including, but not limited to, oral, written, face-to-face, telephone, facsimile, electronic mail, postal mail, personal delivery, or otherwise. When in the form of a Document or thing, "Communication" is defined to include any attachments thereto.

4.     **"Concerning" or "concern"** shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying and/or mentioning.

5.     **"Debtor"** means and refers to the debtor(s), Ron Wilson and/or LaRhonda Wilson, Chapter 13 Case No. 07-11862.

6.     **"Document" or "Documents"** means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations

2

from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term **"Document" or "Documents"** includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, Communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheet or things similar to any of the foregoing however denominated. The term **"Document" or "Documents"** further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a documents if the person has a right to secure the document or a copy thereof.

7.    **"Fidelity"** means and refers to Fidelity National Information Services, Inc., its predecessors, successors, affiliates, subsidiaries or divisions thereof, including but not limited to Fidelity National Foreclosure Solutions.

8.    **"Goebel"** means and refers to Dory Goebel.

9.    **"Goebel Affidavit"** means and refers to the Affidavit of Debt signed by Dory Goebel on February 28, 2008 and filed with the Motion for Relief.

10.   **"Identify"** is defined to include naming, revealing the identity of, describing, suggesting the identity of, or otherwise aiding or assisting in the location, specification, particularization, sorting, or other identification process.

11.   **"Indicating", "indicates", or "indicate"** are each defined to include showing, specifying, revealing, or otherwise demonstrating, whether alone or in combination with other Documents and things.

12.   **"Motion to Lift Stay"** means the March 10, 2008 Motion to Lift Stay (docket # 20), including the attachments/exhibits thereto, filed in the Wilson Case.

13.   **"Option"** means and refers to Option One Mortgage Corporation, its predecessors, successors, affiliates, subsidiaries or divisions thereof.

14.   **"Person"** is defined to include any natural or legal entity, including, without limitation, individuals, groups of persons, any corporation, firm, partnership, proprietorship, joint

3

venture, association, agency, board, authority, committee, commission, or other entity and divisions, departments or other units thereof.

15.    **"Refer" or "Referring"** is defined to mean directly or indirectly alluding, mentioning, discussing, relying upon, or otherwise referencing, whether explicitly by name, by country, or otherwise, or any synonymous relationship with the stated subject matter, including, but not limited to, the requested subject matter itself.

16.    **"Sworn Statement"** means and refers to any affidavit, 28 U.S.C. § 1746 declaration, or any similar statement made under oath or penalty of perjury.

17.    **"Wilson Account"** means the Debtors' indebtedness and obligations to Option arising from the November 22, 2006 Adjustable Rate Note and other agreements signed by Ron Wilson and LaRhonda Wilson in connection with obtaining financing for the purchase of certain real property commonly known as 402 Cole's Landing, Reserve, Louisiana 70084.

18.    **"Wilson Case"** means the Chapter 13 bankruptcy case filed by Ron Wilson and LaRhonda Wilson on September 29, 2007, in the United States Bankruptcy Court for the Eastern District of Louisiana.

19.    **"You"** and/or **"Your"** refers to and means Option.

4

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1. Produce all agreements and amendments thereto, executed between Option and Fidelity, that concern the Wilson Case.

REQUEST NO. 2. Produce all agreements and amendments thereto, executed between Option and Boles, that concern the Wilson Case.

REQUEST NO. 3. Produce all documents constituting Option's records of the Wilson Account. Such documents shall include but not be limited to any correspondence concerning the Wilson Account (including internal communications and external communications); master payment/loan history; servicing notes; escrow documents; documents concerning fees and costs imposed on the Wilson Account; any documents that concern the Wilson Case, including any bankruptcy ledger; any promissory note; any mortgage; and all versions of the following reports: BNKA; BNKH; PCH 2; and PAY 4.

REQUEST NO. 4: Produce all documents authorizing Fidelity to act on behalf of Option concerning the Wilson Case.

REQUEST NO. 5: Produce all documents authorizing the execution of the Goebel Affidavit.

REQUEST NO. 6: Produce Option's policies and procedures, in effect on or after September 29, 2007 and which were applicable to the Wilson Case, concerning the recording of or accounting for post-bankruptcy payments on loans concerning borrowers in bankruptcy cases, including but not limited to manuals and handbooks.

REQUEST NO. 7: Produce all documents supporting the assertion in the Motion to Lift Stay that "The DEBTORS are presently in default for post-petition regular monthly mortgage payments for the months of December, 2007 through and including March 1, 2008."

REQUEST NO. 8. Produce all documents that concern any payment by Option to Fidelity concerning the Wilson Case. Such documents should include but not be limited to invoices and canceled checks.

REQUEST NO. 9. Produce all documents that concern any payment by Option to Boles concerning the Wilson Case. Such documents should include but not be limited to invoices and canceled checks.

REQUEST NO. 10: Produce the original folder, contents, and any other documents that Arthur Simmons possessed on the witness stand when he testified on August 21, 2008 in the Wilson Case.

5

REQUEST NO. 11: Produce all documents that evidence modifications by Fidelity, if any, inquired about in Interrogatory No. 9.

REQUEST NO. 12: Produce the assignment to Option of the Wilson Account note and mortgage.

Respectfully submitted,

R. MICHAEL BOLEN
United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Carolyn S. Cole*
CAROLYN S. COLE (12496)
Attorney
SEAN M. HAYNES (TN #14881)
LR 11.2 Trial Attorney

Carolyn S. Cole
Attorney
Office of the United States Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Direct telephone no. (504) 589-2593
Facsimile no. (504) 589-4096

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** | |
| | **CASE NO. 07-11862** |
| **RON WILSON,** | |
| **LaRHONDA WILSON.** | **Section "A"** |
| | |
| **Debtors.** | **CHAPTER 13** |

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2008, I served by first class mail, postage prepaid, a true and correct copy of the foregoing United States Trustee's First Request for Production of Documents (Propounded Upon Option One Mortgage Corporation) on the parties set forth below as follows:

Elisabeth D. Harrington
HARRINGTON & MYERS
2901 North Causeway Blvd., Suite 303
Metairie, LA 70002

S.J. Beaulieu, Jr.
Chapter 13 trustee
433 Metairie Road, Suite 307
Metairie, LA 70005

D. Clay Wirtz
305 Glenmare Avenue
Monroe, LA 70121

Michael P. Cash
WINSTEAD PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

William R. Boles, Jr.
Boles Law Firm
1818 Avenue of the Americas
Monroe, LA 71201

_s/Carolyn S. Cole_
CAROLYN S. COLE