**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:

RON WILSON,
LaRHONDA WILSON,

    Debtors.

CASE NO. 07-11862

Section "A"

CHAPTER 13

**UNITED STATES TRUSTEE'S OBJECTION TO OPTION ONE**
**MORTGAGE CORPORATION'S MOTION TO QUASH THE**
**DISCOVERY REQUESTS OF THE U.S.  TRUSTEE**

TO THE HONORABLE ELIZABETH W. MAGNER:

COMES NOW R. Michael Bolen, the United States Trustee for Region 5 (the "United States Trustee"), by and through his duly authorized counsel, and hereby objects to the Motion to Quash the Discovery Requests of the U.S. Trustee ("Motion") filed by Option One Mortgage Corporation ("Option One").  In support of this Objection, the United States Trustee states as follows:

**Preliminary Statement**

1.      The discovery requested by the United States Trustee in this contested matter arises from the filing of a factually inaccurate motion for relief from the automatic stay on behalf of Option One.  *See* June 26, 2008 Memorandum to Record (Dkt. 36); and July 11, 2008 Order (Dkt. 46).

2.      In connection with Option One's motion for relief, the Court entered its May 9, 2008 Order to Show Cause.  That Order required certain persons to appear on June 26, 2008 "to explain the amounts due on the mortgage loan" of the debtors, Ron Wilson and LaRhonda

1

Wilson.  Subsequent to the June 26, 2008 hearing, the Court entered its July 11, 2008 Order,

requiring the attendance on August 21, 2008 of Dory Goebel and a representative of Option One

to appear and explain the amounts due on the mortgage loan of the Debtors.

3.       On June 30, 2008, the United States Trustee filed his Notice of Appearance in the

instant case.

4.       On July 9, 2008, Lender Processing Services, Inc., f/k/a Fidelity National

Information Services, Inc. ("Fidelity") moved to appear in the Debtors' Chapter 13 case.  The

Court's  July 11, 2008 Order to Show Cause sua sponte required that a representative of Fidelity

appear on August 21, 2008 to explain the amounts due on the mortgage loan of the debtors.  The

Court's July 18, 2008 Order Authorizing Fidelity National Foreclosure Solutions to Appear and

Be Heard granted Fidelity's July 9, 2008 motion and directed that a hearing to "address Fidelity's

action and process" would be scheduled for August 21, 2008.

5.       On August 21, 2008, the Court expanded the show cause proceedings (Aug. 21 Tr.

268:19-20) and authorized the United States Trustee to conduct discovery.  *See* Memorandum to

Record August 21, 2008 (Dkt. 70); and Aug. 21 Tr. 207-08, 264, and 268-69.

6.       Consistent with the Court's authorization, on October 1, 2008, the United States

Trustee issued his First Request for Production of Documents and First Set of Interrogatories

("Discovery Requests") Option One.[1]

7.       Option One raises three arguments for why it should not be required to comply

with the United States Trustee's Discovery Requests.  *First*, Option One argues that it has been

---

[1]       As well, on October 1, 2008, the United States Trustee issued related
interrogatories and production requests to Fidelity and D. Clay Wirtz.  On October 2, 2008, the
United States Trustee subpoenaed documents and things from The Boles Law Firm ("Boles").

sanctioned once, therefore, it should not be required to participate in discovery going forward. *See* Mot. at 4-5. *Second*, Option One argues that this Court has improperly "orchestrated" the discovery issued by the United States Trustee. *Id.* at 5-6. *Third*, Option One argues that there is no case or controversy, thus, discovery in the absence of such is inappropriate. *Id.* at 6-7.

8.      As demonstrated below, the United States Trustee's Discovery Requests are appropriate. Even though the Court has sanctioned Option One heretofore, such sanction did not end Option One's responsibility to answer discovery. As well, the Court did not "orchestrate" the discovery issued by the United States Trustee. Finally, because the Court has not yet determined all facts with respect to all parties involved in the filing of Option One's motion to lift stay, the pending show cause proceedings present an actual case or controversy over which this Court may exercise jurisdiction.

## Argument

### A.      Discovery Directed to Option One is Appropriate, Even after Imposition of Sanctions Against Option One.

9.      Option One discusses how the July 11, 2008 Order (Dkt 46) imposed sanctions against Option One. Mot., ¶ 16. Further, Option One discusses how it has already paid those sanctions. *Id*. Option One claims, therefore, that the United States Trustee's Discovery Requests are improper and harassing. *Id*.

10.      Option One's logic seems to be: once sanctioned, Option One should be free from answering the United States Trustee's Discovery Requests.[2]

---

[2]      Option One raises this issue belatedly. The United States Trustee's June 30, 2008 Motion for Scheduling Order on Order to Show Cause (Dkt. 41) stated his intent to make "inquiry into the actions of Option One. . ." *Id*., ¶12. Option One did not file a written objection

11.     Even though the Court has imposed sanctions against Option One, such does not

terminate the Court's inquiry.  When it adjourned the August 21, 2008 hearing, the Court clarified

distinct and substantive matters as to which the Court needed more information.  Aug. 21 Tr. 264

-267.  Furthermore, even if the Court's prior orders were intended to dispose of all possible

sanctions against Option One, that should not end Option One's responsibility to provide

otherwise discoverable information relating to the conduct of it agents.

**B.     The Court Did Not "Orchestrate" Discovery.**

12.     At the August 21, 2008 hearing, the Court indicated its interest in the United States

Trustee pursuing discovery with regard to the show cause proceedings.  Aug. 21 Tr. 269:1-7.  The

Court directed turn over of "all electronic information as well as written data and any other

discoverable items. . ." *Id*.

13.     Option One appears to treat this as the Court's "orchestration" of discovery.  Mot.

at 5 (Subpart B heading); and 6.  The Court, however, did not orchestrate discovery.   To the

contrary, the United States Trustee himself raised the issue of pursuing discovery, prior to the

August 21, 2008 hearing.  The United States Trustee's June 30, 2008 motion (Dkt. 41) references

the possibility of the requested scheduling order addressing "discovery." *Id*, ¶ 13.  The United

---

to that motion.  The Court entered its written Order for sanctions against Option One on July 11,
2008.  Dkt. 46.  That Order also required witnesses to appear for further proceedings on August
21, 2008.  Option One did not appeal or seek reconsideration of that Order, though.  Upon
information and belief, Option One paid the sanctions on July 24, 2008.  Dkt. 53; and Mot., ¶ 16.
On August 18, 2008, the United States Trustee filed his Ex Parte Motion for Order Continuing
August 21, 2008 Evidentiary Hearings; therein, the United States Trustee stated his intent "to
propound formal discovery requests to Option [One] and Fidelity." *Id*., ¶ 6.  Option did not file a
written objection to that motion.  At the August 21, 2008 evidentiary hearing, Option did not
seek to be excused from the proceedings because it had already been sanctioned and had made
payment to the Court.

States Trustee's August 18, 2008 motion (Dkt. 66) stated that the United States Trustee "intends

to propound formal discovery requests to Option [One] and Fidelity." *Id*, ¶ 6.

14.     The United States Trustee seeks production and responses only with respect to

what the United States Trustee stated in his Discovery Requests.

15.     The Court appropriately exercised is jurisdiction in authorizing the United States

Trustee to propound discovery.  Such exercise was not "orchestration" of discovery.

**C.      The Show Cause Proceeding Presents a Case or Controversy that the Court May Adjudicate.**

Option One's March 10, 2008 Motion to Lift Stay Commenced a Case or Controversy.

16.     Option One states, "There is no pending case or controversy between the U.S.

Trustee and Option One as 'Parties" in which interrogatories and document requests may be

served by the U.S. Trustee."  Mot. at 6 (Subpart C heading).  Option One itself, though,

commenced a case or controversy when, on March 10, 2008, it caused the Motion to Lift Stay to

be filed.  Dkt. 20.  Option One itself asserted in that motion that the Court had jurisdiction over

the motion under 28 U.S.C. § 1334 and 11 U.S.C. § 362.  Motion to Lift Stay, ¶ 2.

17.     The show cause proceedings are collateral to Option One's March 10, 2008 Motion

to Lift Stay.  For example, the Court's May 9, 2008 Order to Show Cause (Dkt. 30) appears to be

the first written show cause Order entered in this matter.  That Order simultaneously set the June

26, 2008 show cause hearing and continued the hearing on Option One's Motion to Lift Stay to

the same date and time.

18.     No written order denying Option One's motion has been entered on the docket.

The docket does reflect entry of the June 26, 2008 Memo to Record ("the Court denied the Motion

for Relief from the Automatic Stay . . ." filed by Option One).

19.     Even if the Court enters a written order formally denying Option One's motion,

such would not moot the show cause proceedings.   "It is well established that a federal court may

consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*,

496 U.S. 384, 395 (1990) (holding that court retained jurisdiction to issue sanctions even after

underlying case was dismissed)(superceded by rule, on other grounds); *Ratliff v. Stewart*, 508 F.3d

225, 229-30 (5th Cir. 2007)(sanctioning attorneys under 28 U.S.C. 1927); and *In re Parsley*, 384

B.R. 138, 174 (Bankr. S.D. Tex. 2008) (holding that *sua sponte* order to show cause why

mortgage servicers and attorneys should not be sanctioned for filing inaccurate motions was not

moot where inaccurate motion was withdrawn and debtor's attorneys fees were reimbursed).

The Show Cause Proceeding Creates a Justiciable Case or Controversy.

20.     Show cause orders give rise to a "contested matter" within the meaning of

Bankruptcy Rule 9014. *See In re Count Liberty, LLC*, 370 B.R. 259, 271 (Bankr. C.D. Cal.

2007)(amended show cause proceeding is a "contested matter"); *In re Corella*, No. 4-06-00864-

EWH, 2008 WL 704313 at *2 (Bankr. D. Ariz. March 14, 2008) (a petition for rule to show cause

commenced a contested matter under Bankruptcy Rule 9014); and  *In re Weichmann*, No.

96B24260, 2001 WL 1836189 at *1 (Bankr. N.D. Ill. Oct. 30, 2001) (petition to show cause

"commenced a contested matter" under Fed.R.Bankr.P. 9014 and 9020).

21.     Moreover, the inherent possibility that a show cause proceeding may lead to the

imposition of sanctions or other relief means an actual case or controversy exists. *See In re*

*Andriacco*, 106 F. Supp. 2d 991, 995 n.3 (S.D. Ohio 1999) (where there was a possibility of

finding respondents in contempt, show cause order presented justiciable case or controversy).

22.     Option One asserts that there is some distinction in the substantive nature of a

show cause proceeding requested by a party compared with one commenced *sua sponte* by the

Court itself.  Mot., ¶25.  For Option One, the former constitutes a contested matter and the latter

does not.  Option One exalts form over substance, though.  Option One points to no caselaw

authority supporting its proposition.  To the contrary, entry of an order *sua sponte* raising an issue

can commence an adversary proceeding.  *See In re Brandford*, 386 B.R. 742, 744 (Bankr. N.D.

Ind. 2008)(court's *sua sponte* order to consider dismissal under 11 U.S.C. § 1307 was a

"contested matter").

Collateral Proceedings Do Not Require the Court to Adjudicate a Case or Controversy

23.     In *Willy v. Coastal Corporation*, 503 U.S. 136 (1992), the Court considered the

appropriateness of sanctions issued by the district court against the petitioner.  Procedurally, the

district court had both dismissed the petitioner's suit and imposed Rule 11 sanctions against him

(and counsel).  The court of appeals, though, found that the district court lacked subject matter

jurisdiction because the petitioner's suit raised only state law issues.  *Id*. at 134.  The court of

appeals therefore reversed the dismissal and remanded with instructions that the underlying

lawsuit be transferred to the state court.  *Id*.  The court of appeals, however, affirmed the sanctions

award imposed by the district court against the petition.  *Id*.  The Supreme Court affirmed.  It

found that, even in the absence of subject matter jurisdiction, the district court had retained

jurisdiction over collateral proceedings.  The imposition of sanctions by the district court was

appropriate because such "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction."  503 U.S. at 137-8.

24.    *Willy* clarifies this Court's power in the instant bankruptcy case.  This Court retains jurisdiction to conduct collateral proceedings, even assuming the underlying litigation has concluded.  A sanctions order:

> implicates no constitutional concern because "it does not signify a district court's assessment of the legal merits of" the underlying litigation.  It therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction.

*Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007) (quoting *Willy*, 503 U.S. at 137-38).

25.    In view of the procedural context of this Court's show cause proceedings in the instant case, and in view of the nature of collateral proceedings, the United States Trustee's Discovery Requests do not raise case or controversy concerns.

WHEREFORE, the United States Trustee moves this Court for an order denying the Motion, and granting such other relief as is just.

Dated: November 18, 2008

Respectfully submitted,

R. MICHAEL BOLEN
United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Carolyn S. Cole*
     CAROLYN S. COLE (12496)
Attorney
SEAN M. HAYNES (TN #14881)
LR 11.2 Trial Attorney
MARY S. LANGSTON (22818)
Assistant U. S. Trustee, Region 5

8

Carolyn S. Cole
Attorney
Office of the United States Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Direct telephone no. (504) 589-2593
Facsimile no. (504) 589-4096