**WINSTEAD**     Austin    Dallas    Fort Worth    Houston    San Antonio    The Woodlands    Washington, D.C.

December 30, 2008

1100 JPMorgan Chase Tower    713.650.8400 OFFICE
600 Travis Street    713.650.2400 FAX
Houston, Texas 77002    winstead.com

direct dial: 713.650.2711
mcash@winstead.com

Honorable Elizabeth W. Magner
United States Bankruptcy Court
Hale Boggs Federal Building
500 Poydras Street, Suite B-601
New Orleans, LA 70130

    Re:    Case No. 07-11862; In re: Ron Wilson and LaRhonda Wilson, Debtors

Dear Judge Magner:

    I phoned your clerk yesterday and asked her to relay my apologies for missing the telephonic conference. For reasons not completely clear to me, my Outlook Calendar converted a 2:30 start time to 3:30 as some sort of "time zone adjustment." The firm's IT people have tried to explain this to me, but apparently, to no avail. In any event, I am sorry that I did not participate in the telephonic conference.

    Having said that, I am sure that Mr. Haynes from the U.S. Trustee's Office conveyed to you that we were unable to reach an agreement regarding the production of the documents. I am not sure whether you discussed the fact that Fidelity, although not believing that the U.S. Trustee is entitled to any documents in this situation, is willing to provide virtually all of the documents requested by the U.S. Trustee subject to a few restrictions. The restrictions under which Fidelity would be willing to produce the documents are as follows:

1. The documents produced would be limited to this case only. Given that the U.S. Trustee, to the extent they have the authority to "investigate" this situation at all, should be limited to the investigating facts and circumstances arising out of this case, because the Court's Show Cause Order is limited to *this* case;

2. The U.S. Trustee can utilize the documents for the purposes of this case only and may not reproduce or show them outside the parameters of this case; and

3. The U.S. Trustee will agree to, or the Court will enter, a Protective Order which limits the use of these documents to the present case and which prohibits the U.S. Trustee, or any other person having access to the documents in this case, from sharing the contents of those documents with anyone outside of this case. More specifically, this prohibition is designed to keep the U.S. Trustee from disseminating these documents throughout the U.S. Trustee's office in other regions, as we believe to do so would be inappropriate. An example of such a Protective Order is attached hereto and was entered in the Eastern District of Pennsylvania by Judge Sigmund.

WINSTEAD PC     ATTORNEYS

Honorable Elizabeth W. Magner
December 30, 2008
Page 2

      Again, Fidelity does not believe that the U.S. Trustee is entitled to any discovery in this case. However, to the extent that it will move things along and allow the Court to conclude the inquiry into what happened in this case, Fidelity is certainly willing to cooperate by producing documents (subject to other parties' objections) if it can be assured by way of Court Order that those documents will be utilized only in this case and will not be disseminated for use in other cases or for any other purposes. In addition to protecting the documents, Fidelity believes that this protects the integrity of other Courts' rulings. For example, if a Court in Pennsylvania determines that the U.S. Trustee's Office is not entitled to certain documents because they are either not relevant or they are beyond the scope of the Court's jurisdiction or the U.S. Trustee's powers, the U.S. Trustee's Office in another region should not be able to simply "open an inquiry" and obtain those same documents in another case and then disseminate them to the U.S. Trustee's Office in Pennsylvania (or elsewhere) who have been denied access to those by a Court of proper jurisdiction.

      In short, Fidelity is certainly willing to cooperate to try to bring this matter to a close. We are confident that once the Court has a full understanding of Fidelity's role, Fidelity can avoid further inconvenience and expense by having "inquiries" opened in case after case by the U.S. Trustee's Office. However, Fidelity is not willing to voluntarily give over documents without the protection set forth in this letter.

      Again Your Honor, I apologize for not being present on the telephone conference yesterday. I will work with my IT people to make sure I have a better understanding of how our calendaring system works so as to avoid this problem in the future. I hope this clarifies Fidelity's position regarding production of documents.

Very truly yours,

Michael P. Cash

MPC/jjh
Enclosure

cc:     Sean M. Haynes, U.S. Trustee's Office
          Kurt Gwynne, Counsel Option One Mortgage Corporation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------x
:
IN RE: :
:
NILES C. TAYLOR and, : CASE NO. 07-15385-(DWS)
ANGELA J. TAYLOR : (Chapter 13)
:
Debtors. : (Related to D.I. 77)
---------------------------------------x

### ~~[PROPOSED]~~ ORDER REGARDING CONFIDENTIALITY OF PRODUCTION OF DOCUMENTS

AND NOW, this 21ST day of October 2008, after consideration of the parties' arguments regarding the confidentiality of documents voluntarily produced by Lender Processing Services, Inc. ("LPS") and HSBC Mortgage Corporation ("HSBC"), and after notice and a hearing on October 21, 2008, it is hereby

ORDERED THAT, pending further order of this Court, all documents produced or to be produced by LPS or HSBC, and any notes, memoranda, or other documents concerning the contents of the documents produced or to be produced by LPS or HSBC (collectively, including the copies permitted under (a) below, the "Documents") shall be deemed confidential. The United States Trustee for Region 3 ("UST") and all other parties in interest shall not (a) copy the Documents (except that the UST may make two copies of the Documents), (b) print more than one copy of the Documents, (c) share the Documents or the contents of the Documents (directly or indirectly) with any other entity, including without limitation, any other representative or employee of an office of the United States Trustee for any region other than Region 3, or (d) use the documents or the contents thereof for any purpose other than the hearing scheduled to commence before this Court on October 23, 2008, at 2:00 p.m. (Eastern) (the "Hearing"). At the conclusion of the Hearing, all parties in interest shall return the Documents to LPS or HSBC, as

appropriate, and all parties in interest shall delete all electronic copies of documents so provided;

ORDERED THAT, the Motion for Rule 2004 Examination of LPS by the Acting United States Trustee and Request for Expedited Hearing (D.I. 77; the "Rule 2004 Motion") shall be adjourned to a date to be set by this Court, and the rights of all parties in interest with respect to the Rule 2004 Motion and the objections thereto are preserved; and it is further

ORDERED THAT, the production of the Documents shall not affect the waiver of any attorney-client privilege or attorney work product.

BY THE COURT:

DIANE WEISS SIGMUND
U.S. BANKRUPTCY JUDGE