## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF:                                    CASE NO.  07-11862

                                                     SECTION "A"

RON WILSON, SR. AND
LARHONDA WILSON                                      CHAPTER 13
"DEBTORS"

### *THE BOLES LAW FIRM, APC'S MOTION TO STAY PROCEEDINGS REGARDING THE UNITED STATES TRUSTEE'S SUBPOENA DUCES TECUM FOR DOCUMENTS TO BE PRODUCED*

To The Honorable Elizabeth W. Magner, United States Bankruptcy Judge:

The Boles Law Firm, APC ("Boles") files this Motion To Stay Proceedings Regarding The United States Trustee's Subpoena Duces Tecum For Documents To Be Produced.

### Procedural History

The debtors in this Chapter 13 Bankruptcy case, Ron Wilson, Sr., and LaRhonda Wilson ("Debtors") filed their voluntary petition on September 29, 2007, and the Court confirmed the Debtors' plan on December 21, 2007.  Option One Mortgage Corporation ("Option One") has a claim against the Debtors' which is secured by the Debtors' primary residence.  Option One, filed its Proof of Claim in the captioned bankruptcy proceeding on December 10, 2007.

Option One filed a Motion for Relief from Stay on January 7, 2008, which the Court denied on February 8, 2008.  Option One then filed a second Motion for Relief from Stay on March 10, 2008, which the Court also denied on June 26, 2008.

The Court issued an order to show cause on May 9, 2008, ordering a representative from Fidelity National Information Services, Inc. ("Fidelity"), to explain the amounts due on the

mortgage loan of the Debtors.  The Court then issued another show cause order on July 11, 2008, ordering Dory Goebel to appear as ordered, a representative of Option One to appear, and ordered D. Clay Wirtz to appear as well.  Fidelity, as an interested party, requested an appearance to clarify the record.  The show cause hearing was held August 21, 2008, at which time the Court increased scope of the show cause orders by authorizing and directing the United States Trustee to conduct discovery on the Court's behalf.

The United States Trustee by letter dated October 1, 2008, and a subsequent subpoena duces tecum served on Boles ("Subpoena"), issued its request for Documents to be Produced. Boles filed a motion to quash these discovery requests of the United States Trustee and a hearing was held on that matter November 21, 2009.  This motion was denied by order of Your Honor on February 6, 2009.  Boles now files the instant Motion To Stay Proceedings Regarding The United States Trustees Subpoena Duces Tecum For Documents To Be Produced.

## ARGUMENT

Although Boles was local counsel for Option One in filing the Proof of Claim and the Motions to Lift Stay in this captioned matter, Boles is now placed in a situation where it does not feel proper relief and procedural protections can be afforded to it at this time without further order from this Court.  Unlike Option One and Fidelity, Boles was not ordered to appear at any show cause hearing, and is not a party to any contested matter or adversary proceeding. Therefore, Boles is only given the procedural safeguards of Federal Rule of Civil Procedure ("FRCP") 45 regarding the Subpoena, as opposed to the other safeguards contained in the remaining rules of Federal Civil Procedure concerning discovery.  While FRCP 45 is adequate for providing relief to persons relative to issues of non-disclosure of privileged information, it does not seem to protect the person to whom the subpoena was issued when the party for whom

the privilege is claimed is contesting the underlying procedural context and validity of the overall discovery proceedings.

In this matter, Fidelity has on February 16, 2009, filed a Motion for Clarification of Order Denying Motions to Quash Discovery wherein it raises several procedural issues and conundrums concerning the posture of these proceedings and in which it states its intentions of applying for rehearing of its Motion to Quash U.S. Trustee's Discovery Requests and if necessary leave to appeal. It can reasonably be anticipated that Option One will ask for rehearing on its Motion to Quash the Discovery Requests of the U.S. Trustee, file an appeal on the Court's Order Denying Motions to Quash Discovery or seek some other form of relief.

Meanwhile, Boles is stuck. If Boles did want to produce the documents requested by the United States Trustee, it could not because of the privileges and duties owed to Option One and Fidelity. If Boles did not want to, or could not, produce the documents, Boles would be forced to file a Motion to Quash or Modify the Subpoena based on the privileges owed to Option One and Fidelity under FRCP 45. After a hearing on this issue, Boles would face a motion to compel production by the United States Trustee. When Boles still could not comply because of the privilege issues and the impending ethics complaints in the Louisiana Bar, Boles would therefore be subjecting itself to contempt proceedings in this Court (something it has no desire of which to be a part, but which would inevitably occur).

As the information which the United States Trustee is attempting to obtain from Option One, Fidelity and Boles is essentially the same (with some variations), requiring Boles to produce the information now, or in the near future, under the issuance of the Subpoena would prejudice the rights of Option One and Fidelity which could conceivably still be fighting the underlying validity of the procedural posture of these discovery proceedings (long after the

contempt proceedings are complete against Boles) and which would not have even had an opportunity to object or respond to such discovery.  In short, this Subpoena is premature.  There will be a time in the future when the merits of the Subpoena and information it seeks to elicit will be ripe for discussion, but now is not that time.

It therefore seems logical and judicially economical to stay the proceedings regarding the Subpoena until the issues raised by Fidelity (and perhaps Option One) regarding the underlying validity of the procedural posture of the United States Trustee's discovery are finally resolved by a non-appealable decision of a court of competent jurisdiction.  Then, if the discovery is deemed valid, Boles, Fidelity (and perhaps Option One) can present its arguments and objections, if any, regarding the discovery issued by the United States Trustee, whether such discovery be by interrogatories, requests for production of documents, subpoenas duces tecum, depositions or other forms.  This course of action would put some order to these proceedings and not create a more convoluted mess than already exists.  If this stay is not granted, Boles, Fidelity (and possibly Option One) would be required to constantly monitor every action of the other party or person with respect to totally different stages of these discovery proceedings.

Boles, in filing this Motion to Stay Proceeding, reserves all rights to contest and object to the requests of the United States Trustee contained in the Subpoena or any future discovery the United States Trustee might issue to Boles.

**WHEREFORE**, Boles respectfully requests that this Court enter an Order staying the proceedings regarding the Subpoena until such time as a final non-appealable decision of a court of competent jurisdiction is rendered with respect to the claims of Fidelity (and possibly Option One) regarding the validity of the procedural posture of the discovery that is being conducted by the United States Trustee.

        **WHEREFORE**, Boles further respectfully requests such other and further relief as this

Court deem just and proper.

                             Respectfully Submitted:


                             /s/ Jacob S. Edwards
                             The Boles Law Firm, APC
                             Jacob S. Edwards, Esq. (La. Bar Roll #30492)
                             1818 Avenue of America
                             Monroe, Louisiana  71201
                             (318)388-4050 (phone)
                             (318)329-9150 (facsimile)
                             APPEARING ON ITS BEHALF


                           Certificate of Service

        I certify that on February 17, 2009, a true and correct copy of this Motion To Stay Proceedings Regarding The United States Trustee's Subpoena Duces Tecum For Documents To Be Produced was served on the parties below, and notice of this document will be served via ECF notice to parties registered or otherwise entitled to receive notice in this case.

***Via Email***
Mary S. Langston
Carolyn S. Cole
Sean M. Haynes
Office of United States Trustee
400 Poydras Street, Suite 2110
New Orleans, Louisiana  70130
Email: mary.langston@usdoj.gov
Email: carolyn.cole@usdoj.gov
Email: sean.m.haynes@usdoj.gov

***Via Email***
Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, Delaware  19801
Email: kgwynne@reedsmith.com
Counsel for Option One Mortgage Corporation

*Via Email*
Susan Fahey Desmond
Watkins Ludlam Winter & Stennis, P.A.
2510 14th Avenue, Suite 1123
Gulfport, Mississippi  39501
Email: sdesmond@watkinsludlam.co,
Counsel for Option One Mortgage Corporation

*Via Email*
Michael P. Cash, Esq.
Joseph G. Epstein, Esq.
Winstead PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002
Email: mcash@winstead.com
        jepstein@winstead.com
Counsel for Fidelity National Information Services, Inc.,
n/k/a Lender Processing Services, Inc.

*Via Overnight Mail (FedEx)*
S.J. Beaulieu, Jr.
Chapter 13 Trustee
433 Metairie Road, Suite 307
Metairie, Louisiana  70005

*Via Hand Delivery*
D. Clay Wirtz, Esq.
Attorney at Law
1867 Avenue of America, Suite D
Monroe, Louisiana  71201

*Via Email*
Elizabeth D. Harrington
2901 North Causeway Boulevard, Suite 303
Metairie, Louisiana  70002
Email: swamplaw@bellsouth.net
Counsel for Debtors

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF:                                        CASE NO.  07-11862

                                                        SECTION "A"

RON WILSON, SR. AND
LARHONDA WILSON                                         CHAPTER 13
DEBTORS

### *ORDER GRANTING THE BOLES LAW FIRM, APC'S*
### *MOTION TO STAY PROCEEDINGS REGARDING*
### *THE UNITED STATES TRUSTEE'S*
### *SUBPOENA DUCES TECUM FOR DOCUMENTS TO BE PRODUCED*

The Court has considered The Boles Law Firm, APC's Motion To Stay Proceedings Regarding The United States Trustee's Subpoena Duces Tecum For Documents To Be Produced ("Motion").  After considering the Motion, it appears to the Court that adequate notice has been given, that the relief requested is necessary, and that good cause exists to grant the relief requested in the Motion.  Accordingly, it is hereby

**ORDERED** that Motion To Stay Proceedings Regarding The United States Trustee's Subpoena Duces Tecum For Documents To Be Produced is hereby GRANTED.

Signed on this the _____ day of _____, 2009.


_____
United States Bankruptcy Judge
Hon. Elizabeth W. Magner


Boles' Motion to Stay Proceedings 2.17.09