UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>RON WILSON and<br>LaRHONDA WILSON,<br><br>Debtors. | CASE NO. 07-11862<br><br>Section "A"<br><br>CHAPTER 13 |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO: (1) OPTION ONE MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION, ALTERATION OR AMENDMENT OF ORDER DENYING MOTIONS TO QUASH DISCOVERY AND (2) FIDELITY NATIONAL INFORMATION SERVICES, INC.'S JOINDER THEREIN**

TO THE HONORABLE ELIZABETH W. MAGNER:

R. Michael Bolen, the United States Trustee for Region 5 (the "United States Trustee"), by and through his duly authorized counsel, hereby objects to Option One Mortgage Corporation's ("Option One") Motion for Reconsideration, Alteration or Amendment of Order Denying Motions to Quash Discovery ("Motion to Reconsider") and Fidelity National Information Services, Inc.'s ("Fidelity") joinder therein. In support of his objection, the United States Trustee states as follows:

**Summary of Argument**

Option One filed an inaccurate motion for relief from stay that forced the debtor to expend time and resources proving his payments, and then Option One failed to appear in response to a show cause order issued by the Court. The actions taken in these proceedings arise from Option One's conduct. Option One challenges this Court's ruling denying its motion to quash, complaining, ironically, that *it* has been the victim of unfairness.

The Motion to Reconsider only challenges the Court's ruling on an oblique, non-material issue: that the United States Trustee should have sought discovery by examination under Fed. R.

Bankr. P. 2004. Option One attacks the United States Trustee's formal discovery claiming that it lacked standing as a "party" and challenging the Court's exercise of its authority under 11 U.S.C. § 105 in "authorizing" the United States Trustee's discovery requests.[1] By exercising his right under 11 U.S.C. § 307 to raise, appear, and be heard on any issue, the United States Trustee became a "party" to these proceedings.[2] Authority to issue formal discovery derives from the fact that the show-cause proceeding is a contested matter. Formal discovery is expressly authorized pursuant to Bankruptcy Rule 9014 in contested matters. The United States Trustee was not required to seek a Rule 2004 examination. Instead, the United States Trustee issued formal discovery requests to Option One and Fidelity pursuant to Bankruptcy Rule 9014.

## Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B), (G), (K), (O), and 586; 11 U.S.C. §§ 307 and 323; and Fed. R. Bank. P. 2004, 7033, 7034, and 9014.

## Background Facts

2. On October 1, 2008, the United States Trustee issued discovery requests to Fidelity, n/k/a Lender Processing Services, Inc.; Option One Mortgage Corporation ("Option One"); and an attorney, D. Clay Wirtz. On October 2, 2008, the United States Trustee issued a subpoena duces tecum to The Boles Law Firm, APC ("Boles").

---

[1] To the extent that the Motion to Reconsider raises new issues, the United States Trustee objects to the Court's consideration of them under Fed. R. Civ. P. 59(e) made applicable herein by Fed. R. Bankr. P. 9023

[2] *See Yamaha Motor Corp. v. Perry Hollow Mgt. Co. (In re Perry Hollow Mgt. Co.)*, 297 F.3d 34, 39 (1st Cir. 2002) (United States became a "party" to a contested matter by virtue of cross-examination by Assistant United States Trustee).

3. Boles, Fidelity, and Option One each filed motions to quash. The United States Trustee objected to those motions and the Court heard oral argument on November 21, 2008. On February 6, 2009, the Court entered an Order denying each of the motions. *See In re Wilson*, No. 07-11862, 2009 WL 304672 at *2 (Bankr. E.D. La. February 6, 2009) (the "Reasons Opinion"). On February 17, 2009, Option One filed its Motion to Reconsider, and on February 18, 2009, Fidelity filed a joinder therein.

**Argument**

4. Under Rule 59(e) of the Federal Rules of Civil Procedure,[3] the amendment or reconsideration of an order is an extraordinary remedy, and "is not an opportunity to reargue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions may be granted only if the movant "clearly establish[es] a manifest error of law or . . . present[s] newly discovered evidence." *Id.* (*quoting FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992); *see also GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (holding that judgment may be altered or amended only if there is a clear error of law, newly discovered evidence, intervening change in law, or manifest injustice). "A motion to reconsider is not a vehicle for raising issues or citing authorities that a party should have or could have presented

---

[3] Option One does not identify a procedural basis for its Motion to Reconsider. The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). In determining how to construe a post-judgment motion, the Fifth Circuit looks beyond the form of the document and examines its substance to determine how the motion is best characterized. *Texas Comptroller v. Transtexas Gas Corp. (Matter of Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002) (citation omitted). The caption on its Motion to Reconsider also references "alteration or amendment." Regardless of the caption of a post-trial motion, any motion that draws into question the correctness of a judgment is functionally a motion under Fed. R. Civ. P. 59(e). *Fellows v. Colonial Sav. & Loan Assoc. (Matter of Fellows)*, 19 F.3d 245, 246 (5th Cir. 1994).

3

prior to the Court's ruling. Neither should a motion to reconsider be employed to rehash arguments already made nor as a means of refuting the Court's ruling." *Lelsz v. Kavanagh*, 112 F.R.D. 367, 371 (N.D. Tex. 1986).

5. The Reasons Opinion addressed three primary issues mandating the denial of the motions to quash: (1) the Court properly retained jurisdiction over the parties, subsequent to the denial of the second Motion to Lift Stay, because the show-cause proceeding is a collateral matter; (2) the United States Trustee has standing to participate in the show-cause proceeding pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586; and (3) the United States Trustee could, under the facts and circumstances of this case, proceed with the already propounded discovery requests. The Motion to Reconsider fails to raise any manifest errors or law or fact with respect to these rulings. Rather, it rehashes the same challenges to the United States Trustee's discovery already overruled by the Court.

### A. The United States Trustee is a Party in these Proceedings for the Purpose of Seeking Discovery.

6. Option One contends that a motion for a motion for a 2004 examination was mandatory in this case because "the UST *is not* a party to this Court's proceedings on the Order to Show Cause."[4] Mot. to Reconsider, ¶ 19 (emphasis in original). Option One's argument again challenges the standing of the United States Trustee to participate in these proceedings and seek discovery from the parties. While the Court should not entertain Option One's attempt to re-litigate this issue, the

---

[4] Option One also challenges the United States Trustee's status as a "party in interest" under Fed. R. Bank. P. 2004. While Rule 2004 has no bearing on the formal discovery requests submitted by the Trustee, Option One's arguments, nevertheless, lack merit. *See e.g., In re Countrywide Home Loans, Inc.,* No. 08-617, 2008 WL 2388285 *5 n.5 (W.D. Pa. 2008) (noting in *dicta* that the section 307 provides the United States Trustee with very broad standing and that the United States Trustee is the equivalent of a party in interest in bankruptcy) citing *Thompson v. Greenwood,* 507 F.3d 416, 420 n.3 (6th Cir. 2007); *In re Miles,* 330 B.R. 848, 849-50 (M.D. Ga. 2005).

argument fails on its merits. "The United States, its officer, or agency is a 'party' to a case not only where it is a named party . . . but also where it has actively participated in the proceedings." *Yamaha Motor Corp. v. Perry Hollow Mgt. Co. (In re Perry Hollow Mgt. Co.)*, 297 F.3d 34, 38 (1st Cir. 2002) (citation omitted). *Yamaha* involved the Court of Appeals' determination whether a 30 or 60-day appeal period applied. *Id*. at 38. The 60-day period would apply only if the court determined that "the United States or its officer or agency is a party." *Id*. In the bankruptcy court proceedings, a private trustee moved to sell golf carts owned by the debtor. An Assistant United States Trustee "participated" in the sale hearing. *Id*. at 37. Specifically, the Assistant cross-examined a witness. *Id*. at 38. The court, therefore, found that the United States Trustee had exercised the rights under 11 U.S.C. § 307[5] and, thereby, became a party to the litigation. As such, the 60-day period for appeal applied. *Id*. at 39.

7. The *Wilson* fact pattern parallels *Yamaha*. On August 21, 2008, a United States Trustee trial attorney cross-examined two witnesses as part of this Court's show-cause hearing. Having "participated" in the hearing, the United States Trustee is a party.[6]

---

[5] As the Court recognized in the Reasons Opinion, the standing conferred upon the United States Trustee by 11 U.S.C. § 307 is extraordinarily broad and may be exercised even in matters for which the applicable provision of the Bankruptcy Code does not mention the standing of the United States Trustee. *In re Wilson*, 2009 WL 304672 at *4. *See also In re Glados, Inc.*, 83 F.3d at 1361 n.1 (11th Cir. 1996) (implicitly recognizing U.S. Trustee's standing under section 307 to object to a trustee's fee application.); *Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007) (recognizing standing of United States Trustee to object to improper venue of bankruptcy case); *In re Columbia Gas Sys., Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (standing to object to debtors' investment guidelines); *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994) (standing to object to retention of professional); *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991) (standing to appeal denial of motion to dismiss case for abuse); *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990) (standing to appeal order appointing trustee).

[6] The United States Trustee's participation in the August 21, 2008, hearing was preceded by his filing the June 30, 2008 Notice of Appearance; and his filing the June 30, 2008 Motion for

8. Option One relies upon *Fulton v. McVay,* 318 B.R. 546 (D. Colo. 2004) in support of its argument that the United States Trustee is not a party. The *Fulton* decision has no bearing on the United States Trustee's status in this case. In *Fulton*, the court issued a *sua sponte* show cause order in connection with a bankruptcy petition preparer's alleged deceptive practices. *Id.* at 548. The United States Trustee participated in the proceedings arising out of the show cause order. *See id.* at 550. Ultimately, the bankruptcy court issued an injunction pursuant to 11 U.S.C. § 110(j). The district court reversed the bankruptcy court's *sua sponte* issuance of the injunction under section 110(j), holding that the "language of § 110(j) is plain. It authorizes issuance of an injunction only in the context of a civil action." *Id.* at 554. The district court determined that a civil action required a complaint. *See id.* at 553. Thus, the bankruptcy court's injunction pursuant to its *sua sponte* order was improper. *See id.* at 555. *Fulton*, decided in the context of a section 110(j) injunction, has no application in this case. The United States Trustee in this case is a party to the contested matter initiated by the Court's show cause orders.

  **B.**  **The United States Trustee Submitted Proper Discovery Requests to Option One and Fidelity and the Court Properly Exercised its Authority in Denying the Motions to Quash.**

9. The Motion to Reconsider addresses at length what Option One believes the United States Trustee should do or what the Court should "require" the United States Trustee to do:

- "[R]equiring the UST to file a Rule 2004 motion . . ." would not result in duplicative efforts. Mot. to Reconsider at 1.

---

Scheduling Order on Order to Show Cause, citing the United States Trustee's "authority under 11 U.S.C. § 307 to appear and be heard and under 28 U.S.C. § 586(a)(3) . . ." U.S. Trustee's Mot. for Sched. Order on Order to Show Cause, ¶ 12, Docket No. 41. Neither Option, nor Fidelity, nor Dory Goebel, nor D. Clay Wirtz filed an objection to that Motion.

- "The Court found that 'a Motion for Examination under rule 2004 is the preferable method for the UST to obtain the information it seeks from the Movants.'" Mot. to Reconsider, ¶ 14 (quoting *In re Wilson*, 2009 WL 304672, * 2).

- "The UST's failure to file a Rule 2004 examination also deprived Option One of the procedural protections afforded by Federal Rule of Civil Procedure 45." Mot. to Reconsider, ¶ 38.

10. However, the Motion to Reconsider ignores what the United States Trustee did: submit proper discovery requests in this contested matter pursuant to the discovery rules made applicable by Fed. R. Bankr. P. 9014. Option One and Fidelity challenged the discovery requests via motions to quash and the Court denied that challenge. The outcome that could result if the United States Trustee moved to examine Option One under Rule 2004 is irrelevant because the United States Trustee did not seek, nor was he required to seek, a Rule 2004 examination.

11. Option One also contends that the Court must reconsider its ruling because the Court improperly relied upon 11 U.S.C. § 105 to allow the United States Trustee to avoid satisfying the requirements of Fed. R. Bankr. P. 2004. *See* Mot. to Reconsider ¶¶ 43, 50 (arguing that the Court "rewrites bankruptcy Rules 7033 and 7034 by making discovery available"). Option One misses the essential issue. The issue is not whether the right to propound formal discovery emanates from 11 U.S.C. § 105. Rather, the issue is whether the right to issue formal discovery exists from any source relied upon by the United States Trustee.

12. Option One attempts to meet its burden by reference to *In re Adams*, Adv. No. 07-3252, 2008 WL 3876140 (Bankr. N.D. Ohio August 15, 2008). *Adams* is inapposite. The *Adams* plaintiff conceded that he was not "attempting to allege in his complaint the specific elements of any particular cause of action . . . ." *Id.* at *2. The right to discovery being derivative of a complaint that passes muster under Fed. R. Civ. P. 12, the court denied plaintiff's request for an order, under section 105(a),

to conduct discovery. *Id.* (citing authorities for the proposition that "the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists"); *but see Lubrin v. Hess Oil Virgin Islands Corp.*, 109 F.R.D. 403, 405 (D.V.I. 1986) (pre-suit site inspection and deposition allowed; "the Federal Rules do not preclude equitable actions for the purpose of discovery"). Here, the United States Trustee has consistently pointed to an appropriate source of authority authorizing and permitting discovery, Fed. R. Bankr. P. 9014. That such discovery occurs in the context of a proceeding whereby the Court is utilizing its authority under section 105(a) does not lessen the rights granted under Rule 9014.

13. Rule 9014 of the Federal Rules of Bankruptcy Procedure authorizes use of formal discovery tools in "contested matters."[7] Specifically, Bankruptcy Rule 9014 makes rules 7026 through 7037 generally applicable in contested matters. Bankruptcy Rules 7026 through 7037, incorporate Federal Rules of Civil Procedure 26 through 37. Thus, the formal discovery tools of Rules 26 through 37 are generally applicable in the underlying show cause proceeding if it is a "contested matter" under Bankruptcy Rule 9014.

14. A show cause proceeding is a contested matter. Show cause orders give rise to a "contested matter" within the meaning of Bankruptcy Rule 9014. *See In re Count Liberty, LLC*, 370 B.R. 259, 271 (Bankr. C.D. Cal. 2007)(amended show cause proceeding is a "contested matter"); *In re Corella*, No. 4-06-00864-EWH, 2008 WL 704313 at *2 (Bankr. D. Ariz. March 14, 2008) (a petition for rule to show cause commenced a contested matter under Bankruptcy Rule 9014); *In re Weichmann*, No. 96B24260, 2001 WL 1836189 at *1 (Bankr. N.D. Ill. Oct. 30, 2001) (petition to

---

[7] The Federal Rules of Civil Procedure, including the formal discovery rules, "apply in bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81(a)(2).

show cause "commenced a contested matter" under Fed. R. Bankr. P. 9014 and 9020). *See also,* Fed. R. Bankr. P. 9014 advisory committee's note (stating "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.") In short, because the show cause proceeding in this case is a contested matter, Bankruptcy Rule 9014 authorizes the issuance of formal discovery.

## Conclusion

15. The Motion for Reconsideration seeks to re-litigate issues already decided by the Court. The United States Trustee is a "party" for purposes of seeking discovery in this proceeding. The Court's reliance upon section 105 was appropriate because Bankruptcy Rule 9014 provides indisputable authority for the use of formal discovery in a contested matter and a show cause proceeding is a contested matter. The Court, accordingly, should deny the Motion to Reconsider. Option One has failed to demonstrate a manifest error of law or fact and failed to meet its burden supporting reconsideration of the Court's Reasons Opinion.

WHEREFORE, the United States Trustee requests that the Court enter an order denying the Motion to Reconsider, and granting such other relief as is just and equitable.

Dated: March 18, 2009

Respectfully submitted,

R. MICHAEL BOLEN
United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Carolyn S. Cole*
CAROLYN S. COLE (12496)
Attorney

                                          SEAN M. HAYNES (TN #14881)  
                                        LR 11.2 Trial Attorney

Carolyn S. Cole  
Attorney  
Office of the United States Trustee  
400 Poydras Street, Suite 2110  
New Orleans, LA 70130  
Telephone no. (504) 589-4018  
Direct telephone no. (504) 589-2593  
Facsimile no. (504) 589-4096