**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-11862 |
| RON WILSON, SR. and ) | |
| LARHONDA WILSON, ) | Section "A" |
| ) | Chapter 13 |
| Debtors. ) | |

**OPTION ONE MORTGAGE CORPORATION'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION, ALTERATION OR AMENDMENT OF ORDER DENYING MOTIONS TO QUASH DISCOVERY**

TO THE HONORABLE ELIZABETH W. MAGNER, U.S. BANKRUPTCY JUDGE:

Option One Mortgage Corporation ("Option One")[1] files this reply (this "Reply") in further support of its Motion for Reconsideration, Alteration or Amendment of Order Denying Motions to Quash Discovery (the "Motion for Reconsideration") and respectfully states the following:

**I.     PRELIMINARY STATEMENT.**

1.     The United States Trustee (the "UST") is not a party to this proceeding. This show cause proceeding was instituted on the Court's own motion.

2.     The UST claims that Option One has raised Section 105 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*). In fact, this Court first raised the applicability of Section 105 in its decision. Section 105(a) does not authorize the Court to permit discovery that is otherwise improper.

---

[1]     Option One is now known as Sand Canyon Corporation.

- 2 -

**II.    FACTUAL BACKGROUND.**

3.     On May 9, 2008, the Court *sua sponte* issued an Order to Show Cause relative to certain events that occurred in this Case.[2] [D.I. 30]

4.     On July 11, 2008, the Court sanctioned various parties a total of $10,000 related to the aforementioned events. All amounts relating to the Court's sanctions were paid on July 24, 2008. [D.I. 46 and 53]

5.     On August 21, 2008, the Court held a further hearing on the *sua sponte* Order to Show Cause at which the Court ordered the UST to conduct discovery on behalf of the Court. [D.I. 70 and 71] At the August 21, 2008 hearing, the Court also instructed the UST that it should file an adversary proceeding or proceed under Rule 2004. See Transcript of Proceedings Taken November 21, 2008 at p. 55, lines 8-11 (discussing the August 21, 2008 hearing and stating, "I stated to the Trustee if I'm not mistaken that he needed to file an adversary, or a 2004 request, or some vehicle to formally enter into this proceeding because the Order to Show Cause was between the two of us.").

6.     Not only did the UST ignore this Court's direction, but the UST now characterizes the Court's position that a Rule 2004 motion was required as one that is oblique and non-material.

7.     Instead, on October 1, 2008, the UST served discovery requests upon Option One (the "<u>Discovery Requests</u>").

8.     On November 3, 2008, Option One filed its Motion to Quash (the "<u>Motion to Quash</u>") the UST's discovery requests. [D.I. 80]

---

[2]    A full recitation of the facts of this matter is contained in the Motion for Reconsideration. Facts are only stated here as pertinent to this Reply.

9. On February 6, 2009, the Court entered the Order Denying Motions to Quash Discovery (the "Order") and its Reasons for Order Denying Motions to Quash Discovery (the "Reasons"). In re Wilson, Slip Copy, 2009 WL 304672 (Bankr. E.D.La. Feb 6, 2009). [D.I. 124]

10. In stating the basis for the continuation of the show cause proceeding, this Court indicated, for the first time, that this matter proceeds according to Bankruptcy Rule 9011. In re Wilson, 2009 WL 304672 at *3 (considering the Court's jurisdiction to continue this matter after already ordering sanctions, which were paid, and stating that "[t]he dismissal of a matter does not divest a federal court of the right to award attorney's fees and other costs under Rule 9011 because the consideration of Rule 9011 sanctions is not a judgment on the merits of an action but a collateral issue.").

11. In its Reasons, the Court indicated its general agreement that the UST's serving of Discovery Requests was not the appropriate avenue for discovery: "The Court finds that a Motion for Examination under Rule 2004 is the preferable method for the UST to obtain the information it seeks from the Movants." In re Wilson, 2009 WL 304672 at *6.

12. The Court allowed the UST to proceed under Rule 9014 because to do otherwise would be "duplicative":

> To require the UST to file Motions for 2004 Examinations at this stage would be duplicative. The Court finds that the propounded discovery requests are narrow in scope and tailored to elicit information regarding the actions and procedures of Option One, Fidelity, and Boles personnel in connection with this matter. Under these circumstances, the Court will authorize the propounded discovery by utilizing its inherent authority under [Section] 105(a).

In re Wilson, 2009 WL 304672 at *5 (emphasis added).

13. On February 17, 2009, Option One filed its Motion for Reconsideration. In asking for reconsideration, alteration or amendment of the Order, Option One argued, *inter alia*,

that the UST should not be allowed to proceed with discovery in this matter because (i) the UST is not a party to this show cause proceeding, which was instituted upon the Court's own motion; (ii) the UST should not be able to sidestep the burden of proving its entitlement to a 2004 Examination, namely the requirements of showing good cause for the requested Examination and that the UST is a party in interest; and (iii) that Section 105(a) does not authorize the Court to achieve a result in derogation of the Bankruptcy Code and Rules.

14. On March 18, 2009, the UST filed his objection to the Motion for Reconsideration (the "Objection"). The UST cavalierly describes this dispute as "an oblique and non-material issue." See Objection at p. 1 ("The Motion to Reconsider only challenges the Court's ruing on an *oblique, non-material issue*: that the [UST] should have sought discovery by examination under [Rule] 2004.") (emphasis added).

15. The UST argues in the Objection: (i) that the UST is a party to this *sua sponte* show cause proceeding; (ii) that the UST's discovery requests were properly issued; and (iii) that the Rule 2004 issue – first raised by this Court -- is a red-herring because the UST did not seek a Rule 2004 examination.

### III. REPLY.

#### A. The UST is Not A Party to this *Sua Sponte* Proceeding.

16. Without filing a motion or an objection, a UST is not a party-litigant. In re Gideon, Inc., 158 B.R. 528, 530 (Bankr. S.D. Fla. 1993) (UST becomes a party-litigant when it makes a motion or objection); In re Wolf & Vine, Inc., 118 B.R. 761, 765 n.1 (Bankr. C.D.Cal. 1990) (joinder in a motion for sanctions is not a substitute for bringing party's own motion; thus, joining party has no motion for sanctions pending before court); In re Jazz Photo Corp., 312 B.R.

524, 535 (Bankr. D.N.J. 2004) (joinder not a substitute for necessary sanctions motion). Obviously, the UST does not object to the Court's *sua sponte* show cause proceeding.

17. The UST's right to "be heard" does not equate to status as a party. See 11 U.S.C. § 307 (UST may "raise and may appear and be heard"). For instance, Section 1109(b) grants the same rights to various parties in interest in chapter 11 as are granted to the UST by Section 307. See 11 U.S.C. § 1109(b) ("A party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter."). Such parties, however, even after appearing and being heard in a case, do not acquire rights as a "party," such as rights of appeal. See Int'l Trade Admin. v. Rensselear Polytechnic Institute, 936 F.2d 744, 747-48 (2d Cir. 1991).

18. The UST never sought to intervene in the show cause proceedings. See In re Barrick Group, 98 B.R. 133, 134-35 (Bankr. D.Conn. 1989) ("If a peripheral party [in a Rule 9014 contested matter] wishes to file requests for discovery and/or join in the evidentiary hearing, leave to intervene should be sought under Rule 2018(a)....").

19. The UST's right to be heard under Section 307 does not, without more, make the UST a party to this proceeding. For example, the UST has no right to appeal this matter if it is unhappy with the Court's eventual finding because it is *not* a party. Thus, if the UST has no right of appeal and no right to object, then the UST must not have any rights of discovery under Part VII of the Bankruptcy Rules.

20. Moreover, this is a *sua sponte* order to show cause. The UST cannot join forces with the Court and become a party to this proceeding. This Court acknowledged as much when it declared that the "*the Order to Show Cause was between the two of us*." See Transcript of Proceedings Taken November 21, 2008 at p. 55, lines 8-11 (emphasis added).

### B. Improperly Conducted Discovery is not an Oblique Non-Material Issue.

21. Discovery pursuant to Part VII of the Bankruptcy Rules is improper here because, *inter alia*, this proceeding does not constitute a contested matter, let alone a contested matter to which the UST is a party.

22. A contested matter must be instituted by a motion. See Fed.R.Bankr.P. 9014; In re Mansaray-Ruffin, 530 F.3d 230, 237 (3d Cir. 2008) (contested matters are initiated by a motion); In re Caldor Corp., 303 F.3d 161, 170 n.4 (2d Cir. 2002) (a contested matter is raised by motion); In re Herbert, 61 B.R. 44, 45 (Bankr. W.D. La. 1986) (Rule 9014 requires that "a request for an order in a contested matter shall be by motion.").

23. A *sua sponte* show cause proceeding is not a contested matter. See In re Earle, 2007 B.R. 4117779, *1 (E.D. Tenn. Nov. 16, 2007) (distinguishing between two contested matters and a *sua sponte* show cause order).

24. But, even if a *sua sponte* show cause proceeding is a contested matter, the UST is not a party to those proceedings. Nor can the UST become a party to the Court's *sua sponte* proceeding to which only the Court and the entities subject to the order to show cause are parties. This Court acknowledged as much when it declared that the "*the Order to Show Cause was between the two of us*." See Transcript of Proceedings Taken November 21, 2008 at p. 55, lines 8-11 (emphasis added).

25. As a non-party, the UST cannot serve discovery requests. See Fed.R.Civ.P. 34(a) ("Any *party* may serve on any other *party* . . .") (emphasis added); Fed.R.Civ.P. 33(a) ("any *party* may serve on any other *party* . . . ") (emphasis added).[3]

26. The UST ignored this Court's direction that it file a Rule 2004 motion or an adversary proceeding. Having ignored the Court's instructions, the UST now deems them immaterial and irrelevant even though it proceeds as if it were a party, when in fact it is not a party. The Court should not facilitate the UST's ignoring of the Court's direction or the applicable rules.

27. As indicated in the Motion for Reconsideration, Option One asserts that the UST is not entitled to conduct a Rule 2004 examination. Based on the assumption that the UST could conduct a Rule 2004 examination, this Court permitted the UST to serve discovery available to parties under the Federal Rules of Civil Procedures. Accordingly, and contrary to the UST's assertions, the issue of whether the UST is entitled to conduct a Rule 2004 examination is not a "red-herring." It was the basis for this Court's decision.

28. The UST should not have been permitted to conduct discovery as a party on the assumption that the UST could take a Rule 2004 examination. For the reasons set forth in the Motion for Reconsideration, the UST has no right to conduct a Rule 2004 examination.

WHEREFORE, for the foregoing reasons, Option One respectfully requests that this Court enter an Order reconsidering, altering, or amending its February 6, 2009 Order and

---

[3] The UST implicitly acknowledged that Option One and the UST were not parties to any contested matter or adversary proceeding. Otherwise, the UST violated Federal Rule of Civil Procedure 45(b)(1) by issuing subpoenas to other entities without serving prior notice on Option One. See Fed.R.Civ.P. 45(b)(1) ("*Prior* notice of any commanded production of documents . . . shall be served on *each party* . . . .") (emphasis added).

2833976.1/12922.31984

precluding the UST from taking discovery through the Discovery Requests and (ii) grant to Option One such other and further relief as is just and proper.

Dated: March 24, 2009            Respectfully submitted,

           By:    *s/ Susan Fahey Desmond*
           Susan Fahey Desmond, Esquire
           Louisiana Bar No. 25380
           Watkins Ludlam Winter & Stennis, P.A.
           One Hancock Plaza
           2510 14th Street, Suite 1125 (39501)
           P.O. Box 160
           Gulfport, Mississippi 39502
           Telephone: 228-864-3094
           Facsimile: 228-864-0516

           - and -

           Kurt F. Gwynne, Esquire
           Admitted *pro hac vice*
           Reed Smith LLP
           1201 N. Market Street
           Suite 1500
           Wilmington, Delaware 19801
           Telephone: 302-778-7500
           Facsimile: 302-778-7575

           Counsel for Option One Mortgage Corporation
           n/k/a Sand Canyon Corporation

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of March 2009, I served by electronic means a true and correct copy of the foregoing Reply in further support of Motion for Reconsideration, Alteration or Amendment of Order Denying Motions to Quash Discovery on the following:

Elisabeth D. Harrington
Harrington & Myers
swamplaw@bellsouth.net

S.J. Beaulieu, Jr.
Chapter 13 trustee
ecf@ch13no.com

D. Clay Wirtz
Boles Law Firm
clay.wirtz@boleslawfirm.com; brandi.brewer@boleslawfirm.com

Jacob S. Edwards, Esq.
Boles Law Firm
jacob.edwards@boleslawfirm.com

Michael P. Cash
WINSTEAD PC
m.cash@winstead.com

Carolyn S. Cole
carolyn.cole@usdoj.gov

Mary S. Langston
Mary.Langston@usdoj.gov

*s/ Susan Fahey Desmond*
Susan Fahey Desmond

- 9 -