## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 07-11862 |
| RON WILSON, SR. and | ) | |
| LARHONDA WILSON, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |

### MOTION OF SAND CANYON CORPORATION f/k/a OPTION ONE MORTGAGE CORPORATION FOR (I) LEAVE TO APPEAL PURSUANT TO 28 U.S.C. § 158(a)(3) AND (II) STAY PENDING APPEAL OR EXPEDITED BRIEFING SCHEDULE

Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Option One") files this Motion for (i) leave, pursuant to 28 U.S.C. § 158(a) and Rule 8003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to appeal the Order of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court") dated February 6, 2009 (the "Discovery Order") which is attached as **Exhibit A**, and the Bankruptcy Court's Order dated March 27, 2009 (the "Order Denying Reconsideration"), which is attached as **Exhibit B**, and (ii) a stay pending appeal pursuant to Bankruptcy Rule 8005 or an expedited briefing schedule pursuant to Bankruptcy Rules 9006 and 8011.

## I.    INTRODUCTION

1.      This appeal involves the Bankruptcy Court's *sua sponte* proceedings on an order to show cause.  Having issued a final order sanctioning Option One (without advance notice) and reserving only the right to impose additional attorneys' fees, the Bankruptcy Court has recast its sanctions order as an interlocutory order reserving the right to issue further sanctions, thereby keeping Option One involved in the show cause proceedings.

2.      Although the Bankruptcy Court conceded that the United States Trustee is not a "party" to the *sua sponte* show cause proceedings, the Bankruptcy Court effectively deputized

US_ACTIVE-101429569.4

the United States Trustee to serve discovery on the Court's behalf.  The Bankruptcy Court candidly admits that the United States trustee is not a party to the *sua sponte* show cause proceedings, but nevertheless purported to use its "inherent power" effectively to rewrite Federal Rules of Civil Procedure 26, 33 and 34 so that the United States trustee could conduct discovery available only to a party.  The basis for the expansion of the Bankruptcy Court's "inherent power" was the United States trustee's alleged right to conduct a Rule 2004 examination – even though no such motion was filed (and Option One submits, even though the United States trustee is not entitled to conduct a Rule 2004 examination).

3.      Option One respectfully submits that, if the foregoing is permissible, the bankruptcy process effectively has no rules other than those imposed by an Article I Bankruptcy Court under its "inherent powers."  As discussed below, Option One also respectfully submits that allowing an interlocutory appeal of the controlling legal issues presented in this motion would put an end to the show cause proceedings against Option One.

**II.    FACTS NECESSARY TO UNDERSTAND
       THE QUESTIONS PRESENTED**

     **A.    The Order to Show Cause Proceedings**

4.      On May 9, 2008, the Bankruptcy Court *sua sponte* issued an Order to Show Cause relative to certain events that occurred in this case, including the filing of an incorrect affidavit prepared by Option One's former counsel. [D.I. 30]

5.      The Order to Show Cause provided that Option One's former counsel, Dory Goebel of Option One, and a representative of Option One "appear before bankruptcy Judge Elizabeth W. Magner to explain the amounts due on the mortgage loan for the above captioned debtors."  See Order to Show Cause [D.I. 30].

6.      The Order to Show Cause did not mention that the Bankruptcy Court was considering any sanctions, let alone the basis for those sanctions.

7.      On July 11, 2008, the Bankruptcy Court issued an order (the "Sanctions Order") jointly sanctioning Dory Goebel and Option One $5,000.00 for failing to appear at the Hearing *and* jointly sanctioning Dory Goebel and Option One $5,000.00 for "filing a false affidavit." [D.I. 46].[1]  A copy of the Sanctions Order is attached as **Exhibit C**.

8.      The Sanctions Order also continued the Order to Show Cause to August 21, 2008 for Dory Goebel and a representative of Option One to appear and explain the amounts due on the Mortgage.  [D.I. 46].

9.      The Sanctions Order also required Option One to pay $900 in debtors' counsel fees, and "reserve[d] the right to award further attorneys' fees."  See Sanctions Order [D.I. 46] at p. 2.

10.      Notwithstanding the lack of *any* notice regarding the potential for sanctions for filing a false affidavit, Option One did not seek to appeal the Sanctions Order.  Instead, on July 24, 2008, Option One promptly paid the $10,000.00 in sanctions.  [D.I. 53].  Option One has also paid the attorneys' fees asserted by debtors' counsel.

11.      On August 18, 2008, the U.S. Trustee (the "UST") filed a Motion to Continue the Hearing scheduled for August 21, 2008 in order to conduct discovery concerning "Option's relief from stay motion, the Debtors' opposition thereto, and the activities of Fidelity National Mortgage Solutions."  [D.I. 66].

---

[1]      Ms. Goebel was required to be in court in another jurisdiction on same date of the hearing regarding the Order to Show Cause.  Unfortunately, Option One's former counsel belatedly filed a motion to continue the hearing, which the Bankruptcy Court denied as untimely.

12.     On August 21, 2008, the Bankruptcy Court held a further hearing on the *sua sponte* Order to Show Cause.  At that beginning of that hearing, the Court acknowledged that only parties to the proceedings on the Order to Show Cause were the court and the parties subject to the Order to Show Cause (such as Option One).  The Bankruptcy Court specifically acknowledged that the UST was not a party to those proceedings and expressed its reservations regarding the UST taking over.  <u>See</u> Tr. of 8/21/08 Hearing [D.I. 71]. at 10, l. 16 to 11, l. 2.[2]

13.     Nevertheless, the Bankruptcy Court ordered the UST to conduct discovery *on behalf of the Court*. [D.I. 70 and 71]; Tr. of 8/21/08 Hearing [D.I. 71] at 208, l. 24 to 209, l. 2.  The Bankruptcy Court also said that it would allow the UST to define what it believed was relevant and to conduct such depositions as the UST believed were necessary.  <u>See</u> Tr. of 8/21/08 Hearing [D.I. 71] at 208, l. 24 to 209, l. 2.

14.     Thus, during the course of the August 21 hearing, the Bankruptcy Court had (i) acknowledged that the UST was not a party to the Order to Show Cause proceedings, but then (ii) instructed the UST, on the court's behalf, to serve discovery on Option One and (iii) abdicated its authority to deal with discovery objections by authorizing the UST to determine what discovery would be relevant.

15.     During the August 21 hearing, the Bankruptcy Court advised the UST to file an adversary proceeding or conduct an examination pursuant to Bankruptcy Rule 2004.  *See* Tr. of 8/21/08 Hearing [D.I. 71] at 11, 4-16.  Ultimately, the UST rejected the Bankruptcy Court's advice to conduct discovery pursuant to an adversary proceeding or a motion for a Rule 2004

---

[2]     <u>See also</u> Tr. of 11/21/08 Hearing [D.I. 104] at p. 55, lines 8-11 (discussing the August 21, 2008 hearing and stating, "I stated to the Trustee if I'm not mistaken that he needed to file an adversary, or a 2004 request, or some vehicle to formally enter into this proceeding because the Order to Show Cause was between the two of us.").

examination.  Instead, on October 1, 2008, the UST, a non-party, chose to serve interrogatories and document requests on Option One (against which a final Sanctions Order had already been entered).  Presumably, the UST chose to serve interrogatories and document requests to preclude litigation over whether the UST was a "party in interest" entitled to conduct a Rule 2004 examination under the plain language of that rule.

16.     The end result of the UST's actions is that a non-party, the UST, acting on behalf of the Bankruptcy Court, served discovery requests on Option One, a former party against whom a final Sanctions Order had been issued, even though such discovery requests may be served only by a "party" on another "party."

**B.      The Motion to Quash**

17.     On November 3, 2008, Option One filed its Motion to Quash (the "Motion to Quash") the UST's discovery requests because (a) a final Sanctions Order had already been issued regarding Option One and (b) the UST was not a "party" to the proceedings on the Order to Show Cause proceedings.  [D.I. 80]

18.     On February 6, 2009, the Bankruptcy Court entered the Order Denying Motions to Quash Discovery (the "Discovery Order") and its Reasons for Order Denying Motions to Quash Discovery (the "Reasons").  In re Wilson, Slip Copy, 2009 WL 304672 (Bankr. E.D.La. Feb 6, 2009). [D.I. 124]

19.     In stating its basis for the continuation of the show cause proceeding, the Bankruptcy Court indicated, for the first time, that this matter proceeds according to Bankruptcy Rule 9011.  In re Wilson, 2009 WL 304672 at *3 ("[t]he dismissal of a matter does not divest a federal court of the right to award attorney's fees and other costs under Rule 9011 because the

consideration of Rule 9011 sanctions is not a judgment on the merits of an action but a collateral issue.").

20.     The Bankruptcy Court also stated in its Reasons that it "continued the hearing on the Orders to Show Cause, noting that the continuation was to explore the possibility of further *sanctions*." Id. at \*2 (emphasis added); at \*3 ("This Court specifically reserved the right to award further sanctions and continued the hearing on the Orders to Show Cause to a later date."). In fact, the Order to Show Cause simply retained the right to award additional "*attorneys' fees*." See Sanctions Order [D.I. 46] at p. 2 (emphasis added).

21.     In its Reasons, the Bankruptcy Court indicated its general agreement that the UST's serving of Discovery Requests was not the appropriate avenue for discovery:  "The Court finds that a Motion for Examination under Rule 2004 is the preferable method for the UST to obtain the information it seeks from the Movants." In re Wilson, 2009 WL 304672 at \*6.

22.     The Bankruptcy Court allowed the UST to proceed under Bankruptcy Rule 9014 because to do otherwise would be (in its view) "duplicative":

> To require the UST to file Motions for 2004 Examinations at this stage would be duplicative.  The Court finds that the propounded discovery requests are narrow in scope and tailored to elicit information regarding the actions and procedures of Option One, Fidelity, and Boles personnel in connection with this matter. Under these circumstances, the Court will authorize the propounded discovery by utilizing its inherent authority under [Section] 105(a).

In re Wilson, 2009 WL 304672 at \*5 (emphasis added).

23.     Thus, the Bankruptcy Court permitted the UST, a non-party, to serve discovery requests, a right available only to a party, because the Bankruptcy Court believed that the UST had the right to conduct a Rule 2004 examination.  The Bankruptcy Court relied upon its "inherent authority" under Section 105(a) of the Bankruptcy Code as the justification for its

ruling. Id. at *5 (concluding that the Bankruptcy Court "authorizes the propounded discovery by utilizing its inherent authority under § 105(a).").

### C. The Motion for Reconsideration

24.     On February 17, 2009, Option One filed its Motion for Reconsideration of the Discovery Order. [D.I. 129]. In asking for reconsideration, alteration or amendment of the Discovery Order, Option One argued, *inter alia*, that the UST should not be allowed to proceed with discovery in this matter because (i) the UST is not a party to this *sua sponte* show cause proceeding; (ii) the UST should not be able to sidestep the burden of proving its entitlement to a Rule 2004 examination, namely the requirements of showing good cause for the requested Rule 2004 examination and that the UST is a party in interest; and (iii) that Section 105(a) of the Bankruptcy Code does not authorize the Bankruptcy Court to achieve a result in derogation of the Bankruptcy Code and Rules.

25.     At a hearing on March 26, 2008, the Bankruptcy Court reiterated its holding that the UST was not a party to the Order to Show Cause proceedings, and expressed concern that the UST had not filed a pleading. See Tr. of 3/26/09 Hearing [D.I. 145] at 9, l. 2-5 (Bankruptcy Court agreeing that it held that UST could take discovery even thought it was "not a party"); at 75, l. 18 to 76, l. 4 (Bankruptcy Court agreeing that UST is "not a formal party"); at 68, l. 6-9 ("It does somewhat concern me that the [UST's] Office did not file a specific objection, or pleading, or some request . . . .").

26.     Nevertheless, the Bankruptcy Court entered an order denying the Motion for Reconsideration (the "Order Denying Reconsideration"), thereby repeating its error and concluding again that it had the authority under Section 105(a) of the Bankruptcy Code to permit the UST to conduct discovery available only to parties. [D.I. 143].

III.   **QUESTIONS PRESENTED**

27.   This appeal involves two controlling legal issues:

a.   Whether the Sanctions Order was a final order precluding the Bankruptcy Court from issuing further sanctions against Option One; and

b.   Whether the Bankruptcy Court's authority under Section 105(a) of the Bankruptcy Code authorized it to permit a non-party to serve discovery requests (on behalf of the Bankruptcy Court) on Option One, a former party.

IV.   **STATEMENT OF REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED**

A.   **Standard for Leave to Appeal**

28.   Option One seeks leave to appeal the Discovery Order and the Order Denying Reconsideration, which are interlocutory orders.  Section 158(a)(3) of title 28, United States Code, provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . (3) with leave of court, from interlocutory orders and decrees."  28 U.S.C. § 158(a)(3).  Thus, while final orders, judgments and decrees may be appealed as of right to the district court, interlocutory orders can only be appealed with leave of court.

29.   Bankruptcy Rule 8001(b) sets forth the procedure for appeal by leave and provides that "[a]n appeal as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal … accompanied by a motion for leave to appeal prepared in accordance with Rule 8003."  Fed.R.Bankr.P. 8001(b).  To the extent that the Order is considered non-final, Option One requests that this Court grant Option One leave to appeal under 28 U.S.C. § 158(a)(3).

30.   The Fifth Circuit has not set forth a particular standard for determining whether leave to appeal should be granted pursuant to 28 U.S.C. § 158(a)(3).  See Ichinose v. Homer

Nat'l Bank (In re Ichinose), 946 F.2d 1169, 1177 (5th Cir. 1991). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." See Strumpf v. McGee (In re O'Conner), 258 F.3d 392, 399-400 (5th Cir. 2001).

31.     Moreover, the Fifth Circuit has noted that the "vast majority" of courts that have addressed the issue have adopted the standard for an interlocutory appeal under 28 U.S.C. § 1292(b). Id.; see also Wells Fargo Bank, N.A. v. Jones, 391 B.R. 577, 586 (E.D.La. 2008) (applying 28 U.S.C. § 1292(b) standard of appeal to interlocutory bankruptcy appeal).

32.     The standard for determining whether to grant leave to appeal under 28 U.S.C. § 1292(b) includes the following three elements:  "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." In re O'Conner, 258 F.3d at 399-40.

33.     "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal.  If the statute were interpreted to exclude any such order that interpretation would be inconsistent with the clear intention of the sponsors to avoid a wasted trial." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).

**B.      This Court Should Grant Option One Leave to Appeal**

**1.      This Appeal Involves Controlling Issues Of Law**

34.     This appeal involves two legal issues:

a.      Whether the Sanctions Order was a final order precluding the bankruptcy court from issuing further sanctions against Option One; and

b.     Whether the bankruptcy court's authority under Section 105(a) of the

Bankruptcy Code authorized it to permit a non-party to serve discovery

requests (on the Court's behalf) on Option One, a former party.

35.     The foregoing issues are controlling legal issues.  If this Court agrees that the

Sanctions Order was a final order, then the Bankruptcy Court has no authority to continue the

Order to Show Cause proceedings against Option One.  Moreover, as a former party, Option One

would not be subject to discovery requests from any party to those proceedings.  Similarly, if

Section 105(a) of the Bankruptcy Code does not authorize a bankruptcy court to ignore the plain

language of Federal Rules of Civil Procedure 26, 33 and 34, then the UST has no basis to take

discovery of Option One.

**2.     There Is Substantial Ground For Difference Of Opinion
With The Bankruptcy Court's Legal Conclusions.**

36.     Supreme Court and Fifth Circuit precedent cannot be reconciled with the

Bankruptcy Court's continuation furtherance of the Order to Show Cause proceedings against

Option One after it issued the final Sanctions Order.  Thus, there is more than a substantial

ground for a difference of opinion regarding whether the Bankruptcy Court can issue further

sanctions against Option One when it reserved only the right to award further attorneys' fees.

37.     The Bankruptcy Court's statements at the March 26 hearing on the Motion for

Reconsideration establishes that there is a substantial ground for difference of opinion with the

Bankruptcy Court's conclusion that the UST, as a non-party, is entitled to take discovery.  See

Tr. of 3/26/09 Hearing [D.I. 145] at 46, l. 3-9 (admitting that its interpretation was "unusual" and

contrary to a "standard" rule of statutory construction); at l. 11-13 (stating that this is "not to say

that some appellate court doesn't say, no, we're going to go with the standard rules of

construction"). Analysis of the language of the Bankruptcy Code and Rules establishes that there is more than a substantial ground for difference of opinion with the Bankruptcy Court.

> ### a. The Sanctions Order Was A Final Order Precluding The Bankruptcy Court From Issuing Further Sanctions Against Option One.

38.    In its Reasons, the Bankruptcy Court twice restated the terms of the Sanctions Order. [D.I. 46]. Specifically, the Bankruptcy Court asserted in its Reasons that it "continued the hearing on the Orders to Show Cause, noting that the continuation was to explore the possibility of further *sanctions*." In re Wilson, 2009 WL 304672 at *2 (emphasis added); at *3 ("This Court specifically reserved the right to award further *sanctions* and continued the hearing on the Orders to Show Cause to a later date.") (emphasis added).

39.    Based on its restatement of the actual language of the Sanctions Order, the Bankruptcy Court concluded that "the issue of sanctions is not closed." Id. at *3.[3]

40.    In fact, the Sanctions Order did not reserve the right to issue further sanctions. Rather, the Sanctions Order levied $10,000 in sanctions jointly against Ms. Goebel and Option One, required Option One to pay $900 in debtors' counsel fees, and only "reserved[d] the right to award further attorneys' fees." See Sanctions Order [D.I. 46] at p. 2.

---

[3]    In further attempting to justify its conclusion that the ability to further sanction Option One was reserved, the Bankruptcy Court stated that "[t]o hold otherwise would encourage a party expecting sanctions to simply ignore an order to show cause and accept sanctions for missing the hearing in lieu of the sanctionable conduct that precipitated the order to show cause." In re Wilson, 2009 WL 304672 at *3. The foregoing statement is entirely inconsistent with the fact that the Bankruptcy Court *did sanction* Option One for conduct that precipitated the Order to Show Cause. See Sanctions Order [D.I. 46] at pp. 1-2. The Bankruptcy Court sanctioned Option One for *both* failing to appear *and* for filing a false affidavit. The foregoing statement is also inconsistent with the fact that Option One did provide testimony at subsequent hearings. The Bankruptcy Court, not Option One, chose the timing and amount of the sanctions for filing the incorrect affidavit. In fact, the Bankruptcy Court sanctioned Option One without any advance notice to Option One of the potential for sanctions or the basis therefor.

41. There is a sharp distinction between orders reserving the right to award attorneys' fees and orders reserving the right to award sanctions. In <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 202 (1988), the Supreme Court adopted a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." On the other hand, in <u>Matter of Morrell</u>, 880 F.2d 855, 856 (5th Cir. 1989), the Fifth Circuit held that "where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be 'final.'"

42. In <u>Wells Fargo Bank, N.A. v. Jones</u>, the United States District Court for the Eastern District of Louisiana discussed the interplay between <u>Morrell</u> and <u>Budinich</u> as follows:

> The Bankruptcy Court explicitly stated in the April 13, 2007 Judgment that "an evidentiary hearing on the propriety of a sanctions award" would be held at a later date. *A determination of a "sanctions award" is not the same as an adjudication of attorney's fees.* In this case, the Bankruptcy Court imposed a requirement that Wells Fargo implement new "accounting procedures" in the Amended and Second Amended Judgments. *Therefore, the Bankruptcy Court retained jurisdiction to determine more than mere attorney's fees.* Accordingly, <u>Matter of Morrell</u> is controlling over <u>Budinich</u>, and thus, the Bankruptcy Court's April 13, 2007 "judgment" was not a "final judgment."

<u>Wells Fargo Bank, N.A. v. Jones</u>, 391 B.R. at 610-11 (emphasis added) (citations & footnotes omitted).

43. The instant case involves the *opposite* factual scenario. Here, the Bankruptcy Court specifically retained jurisdiction only to award further "attorney's fees." <u>See</u> Sanctions Order [D.I. 46] at p. 2. Therefore, in this case, <u>Budinich</u> is controlling over <u>Morrell</u>, and the Bankruptcy Court has no authority to issue further sanctions against Option One. <u>See</u> <u>U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc.</u> (<u>In re U.S. Abatement Corp.</u>), 39

F.3d 563, 567 (5th Cir. 1994) (a sanction order is final if "(1) a finding of contempt is issued, and (2) an appropriate sanction is imposed.").[4]

44.     Having issued a final order sanctioning Option One, there is no justification for the Bankruptcy Court to continue its *sua sponte* show cause proceedings against Option One.  To conclude otherwise would mean that there is no principled end in sight.  There is also no justification for permitting the UST to serve interrogatories and discovery requests upon Option One, which should no longer be considered a party in light of the final Sanctions Order.  See Fed.R.Civ.P. 33 (interrogatories may only be served on a "party"); Fed.R.Civ.P. 34 (same).

45.     The bankruptcy judge that presided over the Jones bankruptcy case and entered the order retaining jurisdiction to issue sanctions is the *same* bankruptcy judge who presides over this Wilson case.  The District Court's decision in Jones was issued on July 1, 2008.  In this case, the bankruptcy judge issued the Sanctions Order on July 11, 2008, ten days after the District Court's Jones decision.  Accordingly, the bankruptcy judge in this Wilson case was aware of the difference between reserving jurisdiction to award sanctions and retaining jurisdiction only to award attorneys' fees.

46.     Accordingly, Option One respectfully submits that the Bankruptcy Court erred as a matter of law by continuing its *sua sponte* show cause proceedings against Option One.

---

[4]     Notably, as reflected by the docket and hearing transcripts from this case, there are no more attorneys' fees to be awarded.  The debtors' counsel has not filed any pleadings or participated in any further hearings in the Order to Show Cause proceedings since Option One paid his fees.

**b.** **The Bankruptcy Court Erred As A Matter Of Law In Authorizing The UST, A Non-Party, To Conduct Discovery Under Federal Rules of Civil Procedure 33 And 34.**

**i.** **The Bankruptcy Court Could Not Employ Section 105(a) of the Bankruptcy Code To Ignore The Plain Language of the Discovery Rules.**

47.     The applicable Federal Rules of Civil Procedures do not authorize a non-party, like the UST, to serve discovery requests.  The Bankruptcy Court erred as a matter of law in concluding that it had the authority under Section 105(a) of the Bankruptcy Code to effectively rewrite the applicable rules.

48.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity."  In re Sadkin, 36 F.3d at 478; In re Oxford Mgmt., Inc., 4 F.3d 1329, 1333 (5th Cir. 1993).

49.     In this case, the Bankruptcy Court ignored or rewrote the plain the language of Federal Rules of Civil Procedure 26, 33 and 34 (as incorporated by Bankruptcy Rules 7026, 7033 and 7034) to create rights that are otherwise unavailable under those rules.

50.     The plain language of Federal Rule of Civil Procedure 26(b)(1) provides that "*[p]arties* may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." See Fed.R.Civ.P. 26(b)(1) (emphasis added).  The particular rules governing document requests and interrogatories also apply only to parties.  Federal Rule of Civil Procedure 34 authorizes only a "party" to serve document requests.  See Fed.R.Civ.P. 34(a) ("Any *party* may serve on any other *party* . . .") (emphasis added).  Similarly,

Rule 33 authorizes only a "party" to serve interrogatories. See Fed.R.Civ.P. 33(a) ("any *party* may serve on any other *party* . . . ") (emphasis added).

51.     Throughout the proceedings below, the Bankruptcy Court consistently acknowledged that the UST is not a "party" to the Order to Show Cause proceedings.[5] Nevertheless, the Bankruptcy Court disregarded the plain language of Federal Rules of Civil Procedure 26, 33 and 34 and permitted the UST to serve interrogatories and documents requests upon Option One.

52.     The Bankruptcy Court relied upon its purported authority under Section 105(a) of the Bankruptcy Code as the basis for allowing the UST, a non-party, to serve interrogatories and documents requests.  In doing so, the Bankruptcy Court erred as a matter of law.

53.     The Fifth Circuit has held that a bankruptcy court *cannot* utilize its powers under Section 105 of the Bankruptcy Code to dispense with or otherwise alter the requirements of the applicable federal rules.   For example, in In re Smith, 21 F.3d 660 (5th Cir. 1994), the Fifth Circuit held that "[b]ankruptcy courts cannot use their equitable powers created by Section 105(a) to expand the requirements of Rules 3003(c)(3) and 9006(b)(1).  Thus, the district court erred in justifying the extension of time for filing based on Section 105(a)." Id. at 666.  Cf. In re Sadkin, 36 F.3d 473, 478 n.7 (5th Cir. 1994) ("'Enforcing the Bankruptcy Rules according to

---

[5]     The UST never sought to intervene in the Order to Show Cause proceedings under Bankruptcy Rule 2018.  See In re Barrick Group, 98 B.R. 133, 134-35 (Bankr. D.Conn. 1989) ("If a peripheral party [in a Rule 9014 contested matter] wishes to file requests for discovery and/or join in the evidentiary hearing, leave to intervene should be sought under Rule 2018(a)...."); U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1186 n.17 (3d Cir. 1994) ("The right to intervene gives parties, among other things, the right to participate in discovery, see Fed.R.Civ.P. 26(b)(1).").  In any event, Option One is not aware of authority that would permit the UST to intervene in a *sua sponte* show cause proceeding.

their terms cannot be an abuse of discretion.'") (quoting <u>In re Danielson</u>, 981 F.2d 296, 299 (7th Cir. 1992)).

54.     Other Courts of Appeals have similarly held that Section 105(a) of the Bankruptcy Code does not provide a basis to rewrite or ignore the requirements of applicable rules.  <u>See</u>, <u>e.g.</u>, <u>In re Scrivener</u>, 535 F.3d 1258, 1265 (10th Cir. 2008) ("Section 105(a) does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules.").  One bankruptcy court specifically held that Section 105(a) does not provide a basis to avoid the requirements of Bankruptcy Rule 2004(a) so that a chapter 7 trustee can perform his duties.  <u>In re Adams</u>, 2008 WL 3876140, at *3 (Bankr. N.D.Ohio Aug. 15, 2008) (the trustee "argues that the court may properly exercise its equitable power under § 105(a) and grant him the relief requested in this proceeding since it will permit him to carry out the Chapter 7 trustee duties set forth in 11 U.S.C. § 704(a), which include investigating the financial affairs of the debtor.  However, granting Plaintiff the relief requested in this adversary proceeding is not necessary or appropriate where Rule 2004 specifically provides the procedural mechanism for obtaining the discovery that Plaintiff seeks.").

55.     The Bankruptcy Court's attempt to use its equitable powers to authorize the UST to conduct discovery available only to parties is particularly troubling in this case.  As indicated above, the Court (a) instructed the UST to conduct discovery "on the court's behalf and (b) abdicated to the UST the decision regarding what discovery is relevant and what depositions are necessary.  The inequity of such a system is obvious:  Option One is required not only to litigate with the Bankruptcy Court in this *sua sponte* proceeding, but now has to litigate with the UST as the Bankruptcy Court's empowered agent.  How can the Bankruptcy Court fairly rule on discovery disputes when the Bankruptcy Court has ordered the UST to take discovery on behalf

of the Bankruptcy Court? See generally Tr. of 3/26/09 Hearing [D.I. 145] at 17, l. 10-12 ("It's kind of unfair, isn't it, because I [the Bankruptcy Court] get to be the person who orders it and the person who decides it's right.").

56.     Although a bankruptcy court is a court of equity, it should not be permitted to rewrite or ignore the applicable rules. When it purports to do so, it tarnishes the fairness of the process, which is vitally important where a court proceeds on its own Order to Show Cause. See generally In re Menk, 241 B.R. 896, 909 n.4 (9th Cir. BAP 1999) ("No matter how fair a bankruptcy judge is, his statutory duties give him a certain bias in a case, and the bankruptcy court as a result has been viewed by many as an unfair forum.") (quoting H.Rep. No. 95-595, at 4 (1977), U.S. Code Cong. & Admin. News, pp. 5963, 5965 (1978)).

57.     The Bankruptcy Court's expansive interpretation of its powers under Section 105(a) of the Bankruptcy Code also sharply contrasts with the "trend to limit Section 105 powers" as recognized by this Court in Jones, 391 B.R. at 608.

58.     Whatever reservoir of equitable power is conferred by Section 105(a), that power does not provide a basis to ignore, rewrite, or otherwise eliminate the requirements of several Bankruptcy Rules (and their related Federal Rules of Civil Procedure). See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (discussing the mandates of the "plain language" of Rule 56(c)); Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1270 (10th Cir. 1989) ("We cannot ignore the plain language of" Rule 9); Heater v. Chesapeake & O. Ry. Co., 497 F.2d 1243, 1248 (7th Cir. 1974) ("We do not look with approval upon the district court not adhering to the plain language of the Federal Rules of Civil Procedure").

59.     For that reason alone, the Bankruptcy Court erred as a matter of law.

### ii. The Bankruptcy Court's Reliance Upon Bankruptcy Rule 2004 Was Misplaced.

60.     Apparently recognizing that the non-party UST could not take discovery under the Federal Rules of Civil Procedure, the Bankruptcy Court nevertheless permitted the UST to take such discovery because, in the Bankruptcy Court's view, the UST could take discovery under Bankruptcy Rule 2004. Even if the UST had the right to take a Rule 2004 examination, the UST never filed a motion seeking authority to do so. Accordingly, the Bankruptcy Court's reliance upon Bankruptcy Rule 2004 provided no basis for ignoring the plain language of Federal Rules of Civil Procedure 26, 33, and 34.

61.     In any event, the UST would not have been entitled to take a Rule 2004 examination. Bankruptcy Rule 2004(a) authorizes only a "party in interest" to file a motion for a Rule 2004 examination. See Fed.R.Bankr.P. 2004(a). The UST is not a "party in interest."

62.     In *multiple* sections, the Bankruptcy Code and the Bankruptcy Rules distinguish between a "party in interest" and "the United States trustee." Those sections and rules include the following: Sections 1307, 1112, 1105, and 1104 and Bankruptcy Rules 2003, 2007.2, and 2007.1. Considering the language in those sections and rules lead to only one conclusion – the UST is *not* a party in interest.

63.     Section 1307(c) of the Bankruptcy Code provides that a motion to dismiss a chapter 13 case may be filed by a "party in interest *or* the United States trustee," thereby evidencing that Congress drew a distinction between the UST and a "party in interest." See 11 U.S.C. § 1307(c). If the United States trustee was a "party in interest," then the language "or the United States trustee" would be mere surplusage, entirely without meaning or effect.

64.     As the Supreme Court has instructed when interpreting the Bankruptcy Code, "[t]o avoid 'deny[ing] effect to a part of a statute,'" we accord "'significance and effect ... to

- 18 -

every word.'" Rake v. Wade, 508 U.S. 464, 471 (1993) (quoting Ex parte Public Nat. Bank of New York, 278 U.S. 101, 104 (1928)). The *only* way to give effect to every word in the phrase "party in interest *or* the United States trustee" in Section 1307(c) of the Bankruptcy Code is to conclude that the UST is *not* a party in interest.

65.     Statutory language must be read in its proper context and not viewed in isolation. McCarthy v. Bronson, 500 U.S. 136, 139 (1991). Other sections of the Bankruptcy Code also indicate that a United States trustee is not a party in interest.

66.     Prior to October 17, 2005 effective date of the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), Section 1112(b) of the Bankruptcy Code provided that a "party in interest *or* the United States trustee" could file a motion to dismiss a chapter 11 case. See 11 U.S.C. § 1112(b) (amended Oct. 17, 2005) (emphasis added). As part of BAPCPA, Congress eliminated the language "or the U.S. Trustee" from Section 1112(b). Congress, however, did not eliminate the language "or the U.S. Trustee" in Section 1307(c). The BAPCPA amendment unequivocally establishes that Congress drew – and continues to draw -- a distinction between a "party in interest" and the "United States trustee."

67.     Section 1105 of the Bankruptcy Code also evidences that the UST is not a "party in interest." Section 1105 provides that a court may terminate a chapter 11 trustee and restore a debtor in possession upon the request of a "party in interest *or* the United States trustee." See 11 U.S.C. § 1105 (emphasis added).

68.     Section 1104 of the Bankruptcy Code also contains similar language. Prior to 1986, Section 1104(a) authorized only a "party in interest" to request the appointment of a chapter 11 trustee. In 1986, Congress amended Section 1104(a) to add "*or* the United States trustee" to the entities authorized to request the appointment of a chapter 11 trustee. See 11

U.S.C. § 1104(a) (emphasis added).  If a United States trustee was a "party in interest," then Congress' amendment to Section 1104(a) would have been entirely meaningless because the United States trustee would already have had the right to seek the appointment of a chapter 11 trustee.

69.     As the Supreme Court also instructed in the bankruptcy context, statutory construction "is a holistic endeavor."  United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc., 484 U.S. 365, 371-72 (1988).  A review of Sections 1307, 1112, 1105 and 1104 establishes that a "United States trustee" is *not* a "party in interest" under the Bankruptcy Code.

70.     The Bankruptcy Court's conclusion that the UST is a "party in interest" renders the language "or the United States trustee" in each of those sections to be mere surplusage.  The Bankruptcy Court's conclusion also renders Congress' amendments to Section 1112(b) and 1104 to be insignificant, meaningless gestures.  See Cipollone v. Liggett Group, Inc., 505 U.S. 504, 529 n.27 (1992) (declining to adopt interpretation that would render amendment "almost meaningless"); U.S. v. Stevens, 462 F.3d 1169, 1172 (9th Cir. 2006) ("We cannot adopt such an interpretation, as it would render the 2004 amendment unnecessary and meaningless."); Johnson-Laird, Inc. v. Immigration and Naturalization Serv., 537 F.Supp. 52, 54 (D.Or. 1981) ("an interpretation which ignores this amendment, or construes it as surplusage, is clearly erroneous.").

71.     The Bankruptcy Court candidly conceded that its conclusion that Section 307 trumped the more specific language of Bankruptcy Rule 2004 was "unusual" and contrary to

"standard" rules of interpretation.  See Tr. of 3/26/09 Hearing [D.I. 145] at 46, l. 3-9.[6]

Notwithstanding those concessions, the Bankruptcy Court concluded that the UST was a party in

interest "within the spirit of the law."  See Tr. of 3/26/09 Hearing [D.I. 145] at 80, l. 17-21.  That

amorphous conclusion cannot be upheld in light of the plain language of the Bankruptcy Code.

72.     The Bankruptcy Court's conclusion that the UST is a party in interest does not

withstand scrutiny under the plain language of the Bankruptcy Rules.  Like the Bankruptcy

Code, the Bankruptcy Rules clearly indicate a distinction between the UST and a party in

interest.  For example, Bankruptcy Rule 2003(f) authorizes a "party in interest *or* the United

States trustee" to call a special meeting of creditors.  See Fed.R.Bankr.P. 2003(f) (emphasis

added).  Bankruptcy Rule 2007.2(a) provides that a bankruptcy court may decline to appoint a

patient care ombudsman on the request of "the United States trustee *or* a party in interest."  See

Fed.R.Bankr.P. 2007.2(a) (emphasis added).  Bankruptcy Rule 2007.1(b)(3) requires a case

trustee to file a verified statement regarding its connections with "any party in interest" and "the

United States trustee."  *See* Fed.R.Bankr.P. 2007.1(b)(3).

73.     Bankruptcy Rule 2004 authorizes only a "party in interest" to file a motion for a

Rule 2004 examination.  Conspicuously absent from Bankruptcy Rule 2004 is any reference to

"the United States trustee."  Bankruptcy Rule 2004 must be interpreted in a holistic manner that

gives effect to the plain language of all of those rules.  Such an interpretation leads to the

unavoidable conclusion that a UST cannot be a party in interest.

74.     Rather than analyzing the relevant text of the Bankruptcy Code and Rules, the

Bankruptcy Court relied upon the wrongly-decided opinion of another bankruptcy court in In re

---

[6]     The Bankruptcy Court's statement seems to imply that there is a conflict between Section
307 and Rule 2004.  Option One respectfully disagrees.  The UST can raise issues,
appear, and be heard on any issue *without* conducting a Rule 2004 examination.

Countrywide Home Loans, Inc., 384 B.R. 373 (2008). Like the Bankruptcy Court in this case, the bankruptcy court in Countrywide also did not give effect to the importance of the language of the Bankruptcy Code and Rules. Instead, the Countrywide court's opinion was substantially devoted to the interaction between 11 U.S.C. § 307 and 28 U.S.C. § 586, which is not relevant to whether a United States trustee is a "party in interest" under Bankruptcy Rule 2004. See Id. at 373-90.

76. In approximately one page of its lengthy opinion, the Countrywide court addressed whether the United States trustee was a "party in interest" under Bankruptcy Rule 2004. See id. at 390-91. Although later deeming it a "close question" on which "reasonable minds may differ,"[7] the bankruptcy court concluded that the United States trustee was a "party in interest" entitled to conduct a Rule 2004 examination. Id.

76. In support of its conclusion that the United States trustee was a "party in interest," the Countrywide court cited to the following seven cases – none of which holds that a United States trustee is a party in interest: In re Interwest Bus. Equip., Inc., 23 F.3d 311, 317 (10th Cir. 1994); In re Columbia Western, Inc., 183 B.R. 660, 664 (Bankr. D.Mass. 1995); In re Gold Standard Baking, Inc., 179 B.R. 98, 104 (Bankr. N.D.Ill. 1995); In re Gideon, Inc., 158 B.R. 528, 530 (Bankr. S.D.Fla. 1993); In re BAB Enterp., Inc., 100 B.R. 982, 985 (Bankr. W.D.Tenn. 1989); In re Allen, 2007 WL 1747018, at *2 n.5 (Bankr. S.D.Tex. 2007); and In re Costello, 150 B.R. 675, 678 (Bankr. E.D.Ky. 1992). See Countrywide, 384 B.R. at 391.

77. None of the seven cases relied upon by the Countrywide court actually held that the United States is a "party in interest" under a specific provision of the Bankruptcy Code or

---

[7]    See In re Countrywide Home Loans, Inc., 387 B.R. 467, 473 (Bankr. W.D.Pa. 2008).

Rules. *None* of those cases involved a provision of the Bankruptcy Code or Rules that was limited to a "party in interest."

78.     On the other hand, *every one* of those cases relied upon by the <u>Countrywide</u> court involved the United States trustee's general right to "raise, appear and be heard" on any issue under Section 307. <u>See</u> 11 U.S.C. § 307 ("United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title"). Those cases relied upon, and cited to, Section 307 of the Bankruptcy Code.[8]

79.     The United States trustee's Section 307 rights are substantially similar to the general right of a "party in interest" in a chapter 11 case to "raise, appear and be heard" on any issue. <u>See</u> 11 U.S.C. § 1109 ("party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this

---

[8]     *See* <u>Interwest</u>, 23 F.3d at 317 & n.10 (addressing whether a court could *sua sponte* raise issues regarding an attorney's conflicts and stating, in a footnote and in dicta irrelevant to its holding, that "'party in interest' includes a creditor, 11 U.S.C.A. § 1109(b), and the U.S. trustee, 11 U.S.C.A. § 307"); <u>Columbia Western</u>, 183 B.R. 660, 663-66, 664 & n.9 (addressing whether an improperly venued case should be transferred or dismissed and stating, in dicta irrelevant to its holding, that the United States trustee was a party in interest under Section 307); <u>Gold Standard</u>, 179 B.R. 98, 100-06 & 104 (addressing whether a debtor was required to imprint its checks with "debtor in possession" and stating, in *dicta* irrelevant to its holding, that the United States trustee is a "party in interest" under Section 307); <u>Gideon</u>, 150 B.R. 528, 530-32 & 530 (addressing whether a debtor was required to deliver original bank statements and checks and stating simply that a United States trustee was the "equivalent of a party in interest" under Section 307); <u>BAB</u>, 100 B.R. 982, 983 & 985 (addressing United States trustee's motion to set aside part of an order providing for the payment of a creditor's attorney's fees and concluding that the UST was a "sufficient party in interest" under Section 307 to challenge the creditor's fees); <u>Allen</u>, 2007 WL 1747018, *1-14 & *2 n.5 (addressing possible sanctions against a law firm and stating, in dicta entirely irrelevant to its holding, that the "U.S. Trustee is a party in interest" under Section 307); <u>Costello</u>, 150 B.R. 675, 676-81 & 678 (addressing whether attorney's fees were excessive and stating, in dicta irrelevant to its holding, that the United States trustee is a "statutory party in interest" under Section 307).

chapter"). If a court were to interpret Section 1109 consistently with <u>Countrywide</u>'s interpretation of Section 307, then a creditor (which is a party in interest) in a chapter 11 case could serve discovery on any dispute regardless of whether it was a "party." A bankruptcy case would be a discovery "free for all."

80.     The <u>Countrywide</u> court recognized that the seven cases upon which it relied were based upon the United States trustee's rights under Section 307.[9] The <u>Countrywide</u> court (like the Bankruptcy Court in this case), however, failed to recognize that simply because the UST has the same general right as "parties in interest" in chapter 11 does *not* make the UST a party in interest.

81.     There are some actions, like filing a motion for a Rule 2004 examination, that are limited to "parties in interest" by the plain language of the Bankruptcy Code or Rules. The fact that only a "party in interest" may conduct a Rule 2004 examination does not limit the United States trustee's rights to raise issues, appear, and be heard. For example, in this case, the UST exercised its rights under Section 307 by filing a motion to continue the hearing on the Order to Show Cause. The UST also exercised its Section 307 rights by appearing and examining witnesses at the hearing on the Order to Show Cause. Nothing in the Bankruptcy Code or Rules precludes the UST from taking any such action (which is authorized by Section 307).

82.     The UST, however, exceeded its authority when it sought to take a Rule 2004 examination. Only a "party in interest" can do so under Bankruptcy Rule 2004.

83.     The seven cases relied upon by the <u>Countrywide</u> court (and the cases listed in footnote 12 of the Bankruptcy Court's opinion in this case) may have been correct in their

---

[9]     Even the <u>Countrywide</u> court stated that the cases upon which it relied were based on a United States trustee's Section 307 rights. <u>See</u> <u>Countrywide</u>, 384 B.R. at 391.

statements that the UST's Section 307 rights authorized its participation and actions in those cases, none of which involved a statutory provision or rule specifically authorizing only a "party in interest" to take certain action. Those cases, however, do not give the UST the right to do something that is specifically limited to a "party in interest" by the language of the Bankruptcy Code or Rules. The Bankruptcy Court's failure to recognize that important distinction in this case was reversible legal error. To hold otherwise renders meaningless the plain language of Bankruptcy Rules 2004, 2003, 2007.1, and 2007.2 and Bankruptcy Code Sections 1307, 1112, 1104 and 1105. To render meaningless the language of those sections and rules (and the amendments thereto) based upon "inherent authority" under Section 105 of the Bankruptcy Code is both inappropriate and inequitable, particularly in proceedings on an Article I court's *sua sponte* Order to Show Cause.

### 3. Granting Leave To Appeal The Order Would Materially Advance The Termination Of The Proceedings.

84.     Courts have interpreted the requirement of a controlling question of law the same as the requirement that its determination "may materially advance the ultimate termination of the litigation." See Itel Corp. v. M/S Victoria, 710 F.2d 199, 202 (5th Cir. 1983); Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 652 (1st Cir. BAP 1998).

85.     If this Court concludes that the Sanctions Order was a final order, then Option One would no longer be a party to the Order to Show Cause proceedings, thereby terminating the proceedings for Option One. If this Court concludes that the UST has no right to serve discovery as a non-party, then the UST's discovery will not proceed. Option One will be able to avoid the wasteful time and expense of proceeding with interrogatories, document requests, and depositions to which the UST has no right under the applicable rules.

## V.     REQUEST FOR (A) STAY PENDING APPEAL OR (B) EXPEDITED BRIEFING SCHEDULE

### A.     Request for Stay Pending Appeal

86.     The Fifth Circuit has declared that a court should consider the following factors when deciding whether to issue a stay pending appeal:  (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay.  See Hunt v. Bankers Trust Co., 799 F.2d 1060, 1067 (5th Cir. 1986).  An appellant is not required always to show a probability of success on the merits.  An appellant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.  See In re First South Savings Assoc., 820 F.2d 704, 709 & n.10 (5th Cir. 1987).

87.     As indicated above, Option One respectfully submits that the Bankruptcy Court erred as a matter of law in permitting the UST, a non-party, to serve discovery available only to parties under the plain language of Federal Rules of Civil Procedure 26, 33, and 34.  Based on the language of the applicable rules, and the Bankruptcy Court's acknowledgement that the UST is not a party, Option One submits that it easily satisfies the "likelihood of success on the merits" factor.

88.     Option One will be irreparably injured absent a stay pending appeal.  Specifically, Option One will be forced to respond to the court-ordered discovery (or face further contempt sanctions) and to expend its resources to do so.  The propriety of ordering that discovery may be unreviewable on appeal absent Option One's being held in contempt.  On the other hand, there is also no harm, let alone substantial harm, to any other parties to the Order to Show Cause proceedings.  The only adverse party to the sua sponte proceedings is the Bankruptcy Court.  The

Bankruptcy Court will not harmed in any way by the issuance of a stay pending appeal of the Discovery Order and the Order Denying Reconsideration.

89.     The public interest will also be served by staying the Discovery Order pending appeal.  The fairness and integrity of the bankruptcy process are at issue.  If an Article I bankruptcy court can ignore or rewrite the applicable rules and insulate itself from appeal by denying a stay, the public interest will be damaged because the bankruptcy court's discovery orders will be effectively unreviewable by an Article III court.  The damage to the public interest would be particularly acute in this case where the Bankruptcy Court is proceeding with its *sua sponte* Order to Show Cause and purporting to take action under its "inherent authority" that violates the applicable rules.

90.     For the reasons, Option One respectfully requests that this Court stay the Discovery Order pending resolution of this appeal.[10]

**B.     Request For Expedited Briefing Schedule**

91.     The Bankruptcy Court said that it was "not going to certify" its Discovery Order and the Order Denying Reconsideration because it "was not going to have them [the District Court] – this drag on for a year or two."  See Tr. of 3/26/09 Hearing [D.I. 145] at 60, l. 5-7; at 60, l. 10-13 ("Even if I certified it, it would be two years . . . So, I'm not willing to.").  Option One

---

[10]     Rule 8005 provides that a motion for stay pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance," however, a motion for stay pending appeal "may be made to the district court . . ., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."  See Fed.R.Bankr.P. 8005.  The Bankruptcy Court confirmed that it would not grant a stay pending appeal and advised counsel for Option One to "go straight to the District Court." See Tr. of 3/26/09 Hearing [D.I 145] at 77, l. 13 to 78, l. 4; at 81, l. 13-16 ("I would direct the parties to ask for any stay directly to the District Court and to tell the District Court that that was at the Bankruptcy Court's request.").

does not believe that this Court's hearing an appeal would necessitate dragging this out for a year or two.

92.     Bankruptcy Rule 8006 provides that an appellee must file its designation of the items to be included in the record on appeal within ten (10) days after service of the appellant's designation of record and statement of issues on appeal.  Fed.R.Bankr.P. 8006.  Bankruptcy Rule 8009(a) governs the filing of briefs on appeal and provides as follows:

> (i)     the appellant shall serve its brief within fifteen (15) days after the appeal is entered on the district court's docket,
>
> (ii)    the appellee shall serve its brief within fifteen (15) days thereafter, and
>
> (iii)   the appellant may serve a reply brief within ten (10) days thereafter.

Fed.R.Bankr.P. 8009(a)(1)-(3).

93.     Bankruptcy Rule 9006, however,  provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules . . ., the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed.R.Bankr.P. 9006(c)(1).

94.     Bankruptcy Rule 8011(b) provides that "motions for procedural orders, including any motion under Rule 9006, may be acted on at any time, without awaiting a response thereto and without hearing."  Fed.R.Bankr.P. 8011(b).

95.     Pursuant to Fed.R.Bankr.P. 9006(c)(1) and 8011(b), Option One requests that this Court expedite the briefing on the appeal as the Court deems appropriate to promptly resolve this appeal during the pendency of a stay pending appeal.  In the absence of a stay pending appeal, Option One respectfully requests that this Court enter an order requiring parties to file simultaneous briefs, provide Option One with one (1) business day to file a reply, and scheduling oral argument for the earliest date convenient to this Court.

## VI.  <u>CONCLUSION</u>

96.    For the forgoing reasons, Option One respectfully requests that this Court enter an order (i) granting Option One leave to appeal the Discovery Order and the Order Denying Reconsideration pursuant to 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003, (ii) staying the Discovery Order pending appeal, (iii) expediting the briefing schedule, and (iv) granting such further relief to Option One as is appropriate.

Dated:  April 6, 2009                     Respectfully submitted,


                                   By:   *s/ Susan Fahey Desmond*
                                         Susan Fahey Desmond
                                         Louisiana Bar No. 25380
                                         Watkins Ludlam Winter & Stennis, P.A.
                                         One Hancock Plaza
                                         2510 14th Street, Suite 1125 (39501)
                                         P.O. Box 160
                                         Gulfport, Mississippi  39502
                                         Telephone:  504-214-0112
                                         Facsimile:  228-864-0516

                                             - and -

                                         Kurt F. Gwynne, Esquire
                                         Admitted *pro hac vice*
                                         Reed Smith LLP
                                         1201 N. Market Street
                                         Suite 1500
                                         Wilmington, Delaware  19801
                                         Telephone:  302-778-7500
                                         Facsimile:  302-778-7575

                                         Counsel for Option One Mortgage Corporation
                                         n/k/a Sand Canyon Corporation

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 6, 2009, I caused a true and correct copy of the foregoing Motion filed by Sand Canyon Corporation f/k/a Option One Mortgage Corporation to be served upon counsel for other individual or entities listed below in the manner indicated, and notice of this document will be served via ECF to parties registered or otherwise entitled to receive electronic notices in this case:

| | |
|---|---|
| *Via Email and Regular Mail*<br>Elisabeth D. Harrington, Esquire<br>2901 North Causeway Blvd., Suite 303<br>Metairie, LA 70002<br>Email: swamplaw@bellsouth.net<br>Counsel for the Debtors | *Via Regular Mail*<br>S.J. Beaulieu, Jr.<br>Chapter 13 Trustee<br>433 Metairie Road, Suite 307<br>Metairie, LA 70005 |
| *Via Email and Regular Mail*<br>Jacob S. Edwards, Esquire<br>The Boles Law Firm, APC<br>1818 Avenue of America<br>Monroe, LA 71201<br>Email: jacob.edwards@boleslawfirm.com<br>Counsel for The Boles Law Firm | *Via Email and Regular Mail*<br>Mary S. Langston, Esquire<br>Carolyn S. Cole, Esquire<br>Sean M. Haynes, Esquire<br>Office of United States Trustee<br>400 Poydras Street<br>Suite 2110<br>New Orleans, LA 70130<br>Email: carolyn.cole@usdoj.gov<br>Email: mary.langston@usdoj.gov<br>Email: sean.m.haynes@usdoj.gov<br>Counsel for U.S. Trustee |
| *Via Email and Regular Mail*<br>Joseph G. Epstein, Esquire<br>Winstead PC<br>1100 JP Morgan Chase Tower<br>600 Travis Street<br>Houston, TX 77002<br>Email: jepstein@winstead.com<br>Counsel for Lender Processing Services, Inc. | *Via Email and Regular Mail*<br>Michael P. Cash, Esquire<br>Gardere Wynne Sewell<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002-5011<br>Email: mcash@gardere.com<br>Counsel for Lender Processing Services, Inc. |

*s/ Susan Fahey Desmond*
Susan Fahey Desmond