UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF RON AND LaRHONDA WILSON | CIVIL ACTION<br><br>NO.: 12-1256<br><br>SECTION: "F" |

ORDER AND REASONS

Before the Court is Lender Processing Service's motion to withdraw a reference of certain proceedings pending in bankruptcy court. For the reasons that follow, the motion is GRANTED.

**Background**

This case comes before the Court on a motion to withdraw reference, filed by Lender Processing Services (LPS), a party facing possible criminal sanctions for misconduct in an underlying bankruptcy proceeding.

Debtors Ron and LaRhonda Wilson filed for bankruptcy under Chapter 13 of the Bankruptcy Code in late September 2007. A stay was instituted on all collection proceedings against them. In March 2008, the Wilsons' mortgage servicer, Option One, filed a motion for relief from the stay, in an effort to collect on their outstanding mortgage. The motion was accompanied by an affidavit of debt, which certified that the Wilsons were delinquent on their payments. The affidavit was prepared by Dory Goebel, who is an LPS employee, and executed the affidavit pursuant to a corporate resolution. Supposedly unknown to Dory Goebel, the

1

Wilsons had in fact made payments, and were current on their mortgage. The affidavit of debt was, therefore, erroneous.

Concerned about the oversight, the bankruptcy judge ordered Option One's attorney, Dory Goebel, and another Option One representative, to explain the amounts due on the mortgage in an Order to Show Cause hearing in August 2008. Just before the August hearing, the bankruptcy court issued another Order to Show Cause, directing LPS to also participate in the August hearing, along with the other individuals.

The bankruptcy court held a hearing on both of its Orders to Show Cause on August 21, 2008. Unsatisfied with the answers given by LPS, the judge continued the Order to Show Cause, specifically as to LPS, and authorized the U.S. Trustee to "conduct discovery with the orders to show cause presently before the Court." The bankruptcy court also authorized the U.S. Trustee to further investigate Dory Goebel's conduct, and asked that the Trustee "report back to the Court whatever it believes is relevant."

The Trustee investigated the situation for nearly two years, and filed a motion for sanctions in mid-May 2010. The Trustee accused LPS of misrepresenting at the August 2008 Order to Show Cause hearings what it knew about the petitioners' mortgage payments, and what role it was playing in the mortgage payments collection process. The bankruptcy court bifurcated proceedings

on the Trustee's motion for sanctions, and held what appears to be a fairly extensive evidentiary hearing on the issue of liability in early December 2010. In early April 2011, the bankruptcy court issued a Memorandum Opinion granting the Trustee's motion as to liability for LPS, and stated that an evidentiary hearing on sanctions would be scheduled. The bankruptcy court ordered both the Trustee and LPS to brief any issues they thought relevant to the sanctions hearing no later than mid-October 2011. But the sanctions hearing never happened.

Instead, on April 4, 2012, the bankruptcy court issued a 31-page order setting forth findings of fact related to LPS' misconduct, and asked this Court take up the Trustee's motion for sanctions, relying on the bankruptcy court's findings. The bankruptcy court reasoned that since it did not have the authority to impose criminal contempt sanctions, the case could only proceed before this Court. By Order dated April 20, 2012, this Court found the bankruptcy court's sua sponte referral of the Trustee's motion for sanctions was procedurally improper, and held that it had no jurisdiction over the matter. LPS now moves the Court to withdraw reference of proceedings related to the Trustee's sanctions motion from the bankruptcy court.

I.

Local Rule 83.4.1 of the Eastern District of Louisiana provides that all cases under Title 11 and any case arising in or

3

related to cases under Title 11 are automatically "transferred by the district court to the bankruptcy judges of this district." The District Court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court on its own motion, or on timely motion of any party for cause shown. 28 U.S.C. Section 157(d). In deciding whether the withdraw the reference, district courts typically consider the following factors: (a) whether the proceedings involve core bankruptcy matters; (b) the interests of judicial economy; (c) promoting uniformity in bankruptcy administration; (d) reducing forum shopping and confusion; (e) fostering economical use of the debtor's and creditor's resources; (f) expediting the bankruptcy process; and (g) whether there has been a jury demand. So. La. Ethanol v. Agrico Sales, Inc. (In re So. La. Ethanol), No. 11-3059, 2012 U.S. Dist. LEXIS 6465, at *5-6 (E.D. La. Jan. 20, 2012).

II.

The Court is persuaded that cause exists to withdraw the reference of proceedings related to the Trustee's motion for sanctions. The bankruptcy judge's previous referral order to this Court establishes that the bankruptcy court found criminal contempt sanctions on LPS appropriate after an extensive evidentiary hearing on the issue of LPS' liability. But the law ties the bankruptcy court's hand by preventing it from imposing criminal contempt sanctions. In re Hipp, 895 F.2d 1503, 1509

4

(5th Cir. 1990); In re Ho, No. 11-1512, 2012 WL 405092 (E.D. La. Feb. 8, 2012); and In re Ritter, No. 11-1513, 2011 WL 5974623 (E.D. La. Nov. 29, 2011).  No judicial economy or efficiency would be promoted by leaving these proceedings in the hands of the bankruptcy judge, who is powerless to impose the type of sanctions that she deems appropriate.  To do so would delay, at best, the resolution of this issue.[1]

Accordingly, IT IS ORDERED: the reference of proceedings related to the U.S. Trustee's motion for sanctions against LPS is withdrawn from the bankruptcy court.  The remainder of the bankruptcy proceedings continue to be referred.

New Orleans, Louisiana, July 25, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear to the Court what relief the parties seek once the reference has been withdrawn.